[In Bank. — November 28, 1883.]

# EX PARTE CALVIN W. KELLOGG, ON HABEAS CORPUS.

Contempt — Execution — Habeas Corpus. — An execution against the petitioner had been returned wholly unsatisfied, and he was cited to appear before a referee to answer concerning his property pursuant to section 714, *et seq.*, of the Code of Civil Procedure. During the examination he testified that he owned and possessed certain personal property, whereupon the judgment creditor moved for an order directing the delivery of the property to the sheriff who had in his hands an *alias* execution. The referee took the motion under advisement, and in anticipation, and for the purpose of defeating the order prayed for, the petitioner disposed of the property. The Superior Court adjudged him guilty of contempt, and he asks for a discharge from custody. *Held*, that the judgment was proper, and the petitioner should be remanded.

APPLICATION for writ of habeas corpus. The facts are stated in the opinion of the court.

*Cowdery & McCutchen*, for Petitioner.

*I. B. L. Brandt, contra.*

Ross, J. — The petitioner claims to be illegally restrained of his liberty by the sheriff of the city and county of San Francisco, and seeks to be discharged on habeas corpus.

The facts appear to be these : In 1882 one Rankin recovered a judgment in the Superior Court of the city and county of San Francisco against the petitioner and others for the sum of eighteen hundred dollars, or thereabouts, on which execution was issued and placed in the hands of the sheriff. The execution having been returned wholly unsatisfied, an order was duly made by the court pursuant to sections 714, *et seq.*, of the Code of Civil Procedure, requiring the petitioner to appear before a referee named, at a time and place specified, to answer concerning his property. Pursuant to that order the petitioner appeared

before that referee on the 25th of June, 1883, and his examination was thereupon commenced. Pending the examination an *alias* execution upon the judgment was issued and placed in the hands of the sheriff. The next day, June 28th, the petitioner and the sheriff with the execution again appeared before the referee, and the examination of the petitioner continued, during which petitioner testified to his ownership and possession of certain articles of jewelry. Thereupon counsel for Rankin moved the referee for an order directing petitioner to deliver the property to the sheriff to be applied toward the satisfaction of the execution. The referee took the motion under advisement, and continued the further hearing until July 2d, at which time upon the request of petitioner it was further continued until the next day, July 3d. During the last continuance petitioner delivered the property to one Cassin, to whom he claimed to have been indebted; and when, on July 3d, he, together with the other parties interested, appeared before the referee to receive his ruling upon the motion addressed to him, and the referee had made the order asked, petitioner responded by saying that he could not comply with the order for the reason that he had already turned the property over to Cassin. Upon these facts being brought to the notice of the Superior Court, that court cited petitioner to appear at a time and place stated, and show cause why he should not be punished for contempt in refusing to obey the order directing him to deliver the property to the sheriff to be applied toward the satisfaction of the execution against him. At the time and place stated in the order to show cause, petitioner duly appeared, with his counsel, and answered the allegations against him; whereupon the court took proof, and from the evidence and papers in the case found the facts already detailed, and further, that the delivery of the property by petitioner to Cassin was at his (petitioner's) own suggestion, and was made in anticipation of and for the purpose of defeating the order Rankin had asked for, and that to accomplish his purpose to defeat the process of the court petitioner had procured upon his own motion a delay in the proceedings, pending which he voluntarily and contumaciously disabled himself from complying with the order he anticipated being made, and finally that his action "was but a bold attempt to defeat the order of the referee, duly and prop-

erly made, and cause the plaintiff's proceedings to be barren of any result." Finding such facts the Superior Court rightly adjudged petitioner guilty of contempt, and imposed upon him appropriate punishment. (§§ 128, 1209, Code Civ. Proc.; *Galland* v. *Galland,* 44 Cal. 478; *Myers* v. *Trimble,* 3 Smith, E. D. 612.)

Writ dismissed and petitioner remanded.

MYRICK, J., THORNTON, J., and McKEE, J., concurred.

Rehearing denied.