Mr. Justice Shepard
delivered the opinion of the Court:
As has been stated, the appeal in this case is not founded on any objection taken to the decree in so far as it concerns *278 the appointment of the receivers, and the direction to them to take possession of, or reduce to possession, the property and uncollected claims of the partnership.
Nor has it been denied on the argument that, upon plain proof of the actual possession by the defendant, at the time, of partnership property, or of money collected on the partnership account and belonging thereto, an order might properly have been passed directing him to deliver the same to the receivers.
Assuming that, as found by the court, the defendant had formerly collected large sums of money as fees due the partnership, it is claimed on his behalf that there is no proof showing the possession by him, at the time of the order, of the same or any part thereof.
Consequently, it is contended that the appellant is nothing more than a debtor of the partnership, the amount of whose debt must depend upon the result of the account ordered to be taken, and which upon ascertainment and decree for payment can only be collected by execution, in the ordinary way.
In other words, the contention is, that, under the facts shown in the record, the appellant is a debtor simply of the partnership in an uncertain sum yet to be ascertained and decreed, and which he can not be made to discharge by summary order, at any time, under penalty of attachment in case of disobedience.
In the view that we have taken of those facts, and of the necessary effect of the order requiring the appellant to deliver $9,000 to the receivers, we' do not find it necessary to follow the interesting argument of counsel in respect of the true relation of the appellant to that, fund, as an asset of the partnership, and determine whether he is to be regarded as a trustee thereof with all the duties and liabilities of an ordinary trustee. Whatever that relation, the court had the power to take from the possession of the surviving partner, and deliver into that of the receivers, all *279 of the property shown to belong to the partnership, that was in existence at the time of the order, whatsoever its nature. The surviving partner, under the conditions making the appointment of receivers necessary, would have no more right to retain the money than he would the ordinary chattels or choses in action of the partnership.
If he in fact collected money due the partnership, mingled it with his own and deposited the whole in a bank in his own name, such of' it as he may have had at the time of the order would clearly be subject thereto. As to that, he can not be heard to say that he has converted the fund by so doing, and thereby made himself a mere debtor of the partnership and subject only to the ordinary incidents of that relation.
His relation was so far fiduciary, at least, that in mingling the fund with his own and drawing thereon on his individual account, he will be presumed to have first drawn and used his own money. Knatchbull v. Hallett, L. R. 13 Ch. Div. 693.
Consequently, so much of the fund remaining undrawn and unconverted in fact, as may not be in excess of the collection of partnership dues, will be regarded in equity as the property of the partnership. The identity of the fund is not lost by the act of commingling. Idem.
It remains now to ascertain from the record and to declare the facts established to our satisfaction by which the soundness of the decree and the contentions of the parties in respect thereof must be tested.
The original answer of the surviving partner contained a substantial confession of the main allegations of the bill, coupled with an avoidance of their effect through the completed purchase' alleged to have been made of Edmonds’ interests in the partnership. This alleged purchase and settlement wholly failed on the proof, and the court expressly so declared.
The exhibit schedule attached to the bill shows a sum *280 total of $26,380.25 of fees due the partnership on account of the claims therein recited, and charged to have been collected and received by the appellant. One-half of this sum, less such necessary expenses as may have been incurred in the prosecution of the claims, belonged to Edmonds under the partnership agreement.
The court, however, did not direct the surrender by the appellant of this gross sum, or of even one-half thereof. There being some controversy in respect of several claims in the schedule, the order was limited to $9,000 of the fund.
Looking to the answer, it appears that while the appellant denied some items of the schedule exhibit account, he expressly admitted the collection of the two claims of Tappan, administrator, and Fitzhugh, administrator, respectively.
The judgments collected in these two cases amount to $22,100, and the fees retained therefrom are $9,042.50. This shows a slight excess over the amount ordered to be surrendered, without considering any expenses that might be a proper charge thereon. There was, however, no proof of any expenses connected with these transactions, and no claim of diminution or allowance on that account was set up in the answer. Here then was traced into the possession of the appellant, as partner, a fund slightly greater than that which he was ordered to surrender to the receivers for conservation and administration in obedience to the further orders of the court.
Now, as contended by the appellant, it is quite true that there was no direct proof showing that, at the date of the order, he had that sum in his actual possession, or under his control. On the other hand, it is equally true that there is neither allegation nor proof tending to show that he did not then have the money in his possession or under his control.
In the absence of all proof, the presumption ought to be that he had not dissipated the money in which his copartner and possible creditors of the partnership were interested, *281 but had retained it subject to the settlement of the partnership affairs in accordance with his duty in the premises. If then he did not have the money or any of it in his possession or under his control, it was incumbent upon him to show clearly wha.t disposition had been made of it.
In passing the decree it might probably have been better to make its terms general, covering all funds of the partnership had and held by the appellant, rather than specific; but whether so or not is now immaterial in our view of its purpose and substantial .effect.
If, in truth, the appellant had, in violation of his duty, dissipated the fund before the attempt made to impound it, he would be permitted to show that fact in and under an answer to a rule entered upon his disobedience of the order. Upon satisfying the court that he did not have the money or any part of it, in his possession 'or under his control, direct or indirect, he could secure a modification of the order with a complete or partial discharge of the rule; for the decree is not a finality, but may be recalled or amended at discretion. If, on the other hand, he can not make this satisfactory showing he ought then to be held in contempt until he produces and surrenders the money.
As was said in an analogous case: “Where the object is to compel performance of a decree in aid of a private right, and the punishment of the offender may or may not be made incidental thereto, the answer is not conclusive and the court may look beyond it if justice demands [citing authorities]. If an answer should show clearly the inability of a party to comply with the order, and there is nothing to the contrary, he ought to be discharged.” Tolman v. Leonard, 6 App. D. C. 224, 234.
The doctrine of that case, which arose under an attachment issued to compel obedience to an order for the payment of alimony, that it was not the collection of a debt by the summary process of attachment, but the enforcement of an order of delivery that was clearly within the jurisdiction *282 of a court of equity, is directly applicable to the facts of the case at bar.
We have found no reported case in other courts in which the direct question,as here presented, has been determined; but there are many closely analogous, the doctrines of which are in accord with our conclusion, and to some of them we refer. Eikenberry v. Edwards, 67 Iowa, 619; State, ex rel., v. Burrows, 33 Kan. 10, 17; Kenesaw Mills Co. v. Walker, 19 S. C. 104, 112; In re Milburn, 59 Wis. 24; State v. Becht, 23 Minn. 411; Bond v. Bond, 69 N. C. 97; Ex parte Kellogg, 64 Cal. 343.
Those cases arose under statutes providing for proceedings after judgment looking to the examination of judgment debtors and the discovery of property in aid of execution. As the orders for the surrender of property and money in those cases issued to mere debtors to compel the satisfaction of judgments against them, otherwise uncollectible, they savor much- more of imprisonment for debt than does this case, for here the party ordered to surrender the money is not the unqualified owner of it. Whether indeed some of those cases did not go to an extreme under the particular facts upon which they turned is not now before us.
The order appealed from will be affirmed, with costs, and the cause will be remanded for further proceedings in due course. It is so ordered. Affirmed.