[Civ. No. 5326.   Second Appellate District, Division Two.—August 9, 1926.]

FRANK G. FALLOON, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] CONTEMPT—INTERFERENCE IN PENDING ACTION.—A person may be found guilty of contempt if he actively interferes in a pending action to frustrate any order which may be made therein to establish or secure an asserted estate or right.

[2] ID.—ORDER FOR WITHDRAWAL OF MONEYS—PRIOR APPOINTMENT OF RECEIVER — WITHHOLDING OF INFORMATION FROM JUDGE. — Where, after a condemnation action has been instituted and the money has been paid into court pursuant to the interlocutory decree, and after a stranger to that action has commenced a quiet title suit for the purpose of establishing his ownership of the land and his right to the money, an attorney for a client who is a party to both actions enters into a stipulation with all the parties except the plaintiff in the quiet title action for the withdrawal of the moneys on deposit and, upon the representation that the litigation has been settled, obtains from a judge presiding over a different department an order for the withdrawal

---

1.  See 5 Cal. Jur. 903.

of said moneys, but he fails to advise said judge that the plaintiff in the quiet title action asked for the appointment of a receiver, or that another department of the court had already made an order for the appointment of a receiver to take charge of said money, such action is not consistent with that good faith and fair dealing which is required to be observed by members of the bar toward the courts in which they practice.

[3] Id. — DUTY OF ATTORNEY TO COURT. — Attorneys who appear in court as counsel for parties to litigated controversies are engaged in the service of the court, assisting in the exercise of its jurisdiction, and in the performance of its services they are actually or potentially officers of the court, they stand in confidential relations toward the court, and in consequence thereof they owe to the court the duty of greater fidelity and respect than are due from other persons.

[4] Id.—WILFUL NEGLECT OF DUTY BY ATTORNEY.—Where the affidavit inaugurating contempt proceedings discloses the wilful neglect of a duty owing by the alleged contemner, an attorney at law, to the court, such affidavit gives the court jurisdiction under subdivision 3 of section 1209 of the Code of Civil Procedure, which specifically declares that a "wilful neglect or violation of duty by an attorney" is a contempt of the authority of the court.

[5] Id. — KNOWLEDGE OF APPOINTMENT OF RECEIVER — WITHHOLDING INFORMATION FROM JUDGE—PLEADING—EVIDENCE.—Where the affidavit inaugurating a contempt proceeding avers that the alleged contemner, an attorney at law, in obtaining an order for the withdrawal of certain moneys on deposit with the court in a condemnation proceeding, did not inform the judge making such order that the judge of another department in which a quiet title action was pending had theretofore, on the preceding day, made an order for the appointment of a receiver to take charge of said moneys, and such averment is not denied by the answer of the alleged contemner, proof thereof is not necessary, and where the evidence in the contempt proceeding shows, and the court finds, contrary to the alleged contemner's denial, that he had knowledge of the order appointing said receiver, the court is warranted in adjudging him guilty of contempt.

(1) 13 C. J., p. 21, n. 97; 34 Cyc., p. 117, n. 79.    (2) 13 C. J., p. 42, n. 92 New.   (3) 6 C. J., p. 568, n. 22, p. 569, n. 25, 26. (4) 13 C. J., p. 41, n. 88.    (5) 13 C. J., p. 42, n. 92 New, p. 77, n. 93; 31 Cyc., p. 208, n. 80.

3.  See 3 Cal. Jur. 602, 604; 2 R. C. L. 939.
5.  See 5 Cal. Jur. 945.

PROCEEDING in Certiorari to review a judgment of the Superior Court of Los Angeles County adjudging petitioner guilty of contempt.  Hartley Shaw, Judge.  Judgment affirmed.

The facts are stated in the opinion of the court.

M. B. Silberberg, C. C. Towner and Frank G. Falloon for Petitioner.

Edward T. Bishop, County Counsel, for Respondents.

FINLAYSON, P. J.—This is a proceeding in *certiorari* to review a judgment of the respondent court adjudging petitioner guilty of contempt.

The material facts, as disclosed by the record certified to us, may be briefly stated thus: Petitioner is an attorney and counselor at law, admitted to practice in the courts of this state.  On March 30, 1925, the city of Los Angeles brought an action in the respondent court to condemn a certain parcel of real property.  This action will be referred to as the condemnation action.  The complaint alleged that the land was the property of Chandler D. Phillips and his wife, Della M. Phillips, both of whom were defendants in the action.  On July 13th Christine M. Phillips, through the petitioner here as her attorney, filed an answer in the condemnation action alleging that she owned the property.  The issues raised by this answer seem not to have been tried prior to the entry of the first interlocutory decree, which was made and entered by the court on July 20th.  In that decree it is adjudged that Chandler D. Phillips and his wife Della M. Phillips are the owners of the property; that its value is $6,600; that this sum, less certain designated amounts, is the total compensation to be paid to Chandler D. and Della M. Phillips; and that "upon the payments of the amounts . . . to the persons entitled thereto as hereinbefore set out, or into court for their benefit," the land will be condemned to the use of the city of Los Angeles.  On August 10th the court, on motion of Christine M. Phillips, undertook to amend its interlocutory decree by causing to be entered what is denominated a "Modified Interlocutory Judgment of Condemnation."  This modified decree, after reciting that Chandler D. Phillips and his wife are the own-

ers of the property, that its value is $6,600, that this amount, less certain designated sums, is the compensation to be paid to Chandler D. and Della M. Phillips for the taking of their property, adjudges that upon the payment into court of $4,546.09 "for the benefit of such persons as may be adjudged to be the owners of said lands," the property will be condemned to the use of the city. In due time the money was paid into court by the city. Meanwhile a suit to quiet title to the property was brought in the respondent court by one Marion A. McAllister against Christine M. Phillips, Chandler D. Phillips, his wife Della, the city of Los Angeles, and others. This action will be referred to as the quiet title action. It was commenced July 2, 1925. The plaintiff in that action was not a party to, nor did she appear in, the condemnation action. Chandler D. and Della M. Phillips were not served with process in the quiet title action and never appeared therein. Christine M. Phillips, one of the defendants in the quiet title action, and who, as we already have stated, had filed an answer in the condemnation action, appeared in the quiet title action through the petitioner here as her attorney. On August 3d she filed an answer in that action. She also filed therein a cross-complaint. In her cross-complaint she alleged facts to show that she owned the equitable title to the real property which the city was seeking to condemn in the other action, and that an interlocutory decree of condemnation already had been made and entered therein. By this cross-complaint Christine M. Phillips prayed for the appointment of a receiver in the quiet title action to take charge of the money which the city had deposited in court in the condemnation action, and that the court, by its judgment in the quiet title action, determine what portion of that money should be paid to her as the owner of the equitable title to the land. On August 7th petitioner, as attorney for Christine M. Phillips, served and filed in the quiet title action à notice of motion for the appointment of a receiver as prayed for in his client's cross-complaint. The motion was noticed for August 14th. A notice of motion to appoint a receiver was also served and filed on behalf of Marion A. McAllister, the plaintiff in the quiet title action. She served and filed her notice on August 12th. It was served upon all the defendants in that action except the defendants Chandler D. and

Della M. Phillips. Her motion was noticed for hearing on the same day as that of the cross-complainant, Christine M. Phillips. The hearing of both motions was continued by the court to August 17th. Plaintiff's notice omitted all reference to any property or *res* to be taken into the possession of the receiver whom she asked to have appointed. However, on the day when the court made the appointment, August 17th (but whether before or after the appointment does not appear), Marion Amy McAllister filed an amended complaint in her quiet title action wherein she prayed the court to appoint a receiver for the money which had been deposited in the condemnation action, to hold the same pending the outcome of the quiet title action. The indorsements on this amended complaint show that on August 12th it was served on petitioner as attorney for Christine M. Phillips. On August 17th the two motions for the appointment of a receiver in the quiet title action came on for hearing, and on that day the court entered a minute order as follows: "Order to show cause *in re* appointment of receiver comes on for hearing, A. C. Webb representing plaintiff, and F. G. Falloon representing Intervenor [the cross-complainant, Christine M. Phillips]; J. Everett Brown representing defendants. After argument by respective counsel, application for appointment of receiver is by the court granted. Roy E. Allen is appointed Receiver, with bond in the sum of $5,000 required. Plaintiff and Intervenor ordered to pay equally the cost of premium on bond of Receiver." Neither motion for the appointment of a receiver was served upon Chandler D. or Della M. Phillips. Notwithstanding the appointment was *ex parte* as to both of the last-mentioned defendants, the court failed to require the undertaking made essential by section 566 of the Code of Civil Procedure where the appointment is upon *ex parte* application. As a consequence, the order was void as to Chandler D. and Della M. Phillips at least. Both the original and the amended interlocutory decrees in the condemnation action were given and made in department 22 of the respondent court by the judge presiding in that department; the order appointing the receiver in the quiet title action was given and made in department 25, by the judge presiding therein; and the order presently to be mentioned, permitting the withdrawal of the money which had been deposited by the city in the

condemnation action, was made in department 10 by Honorable Frank M. Willis, sitting as presiding judge of the respondent court.

On August 18, 1925, the attorneys for the city of Los Angeles, the attorney for Chandler D. and Della M. Phillips, and the petitioner here, as attorney for Christine M. Phillips, entered into a written stipulation in the condemnation action whereby they agreed that of the sum of money which the city had deposited in that action, $750 should be paid to petitioner as attorney for Christine M. Phillips, $4,393.43 to the attorney for Chandler D. and Della M. Phillips, and the balance to certain other parties named in the stipulation. The plaintiff in the quiet title action was not a party to the stipulation and knew nothing of it until all of the money had been withdrawn under the terms of the order about to be mentioned. On the same day the attorney who had signed this stipulation appeared before Judge Willis, informed him of the terms of their agreement and requested him to make an order for the withdrawal of the money from the court's custody. Whereupon Judge Willis made such order. The petitioner here and the other parties referred to in the stipulation thereupon withdrew the money from the custody of the court, pursuant to the terms of Judge Willis' order. As a consequence, the money was not in the custody of the clerk when the receiver appointed in the quiet title action sought to take it into his possession, as he did on the day following.

The attorney for the plaintiff in the quiet title action instituted the contempt proceedings now under review by filing in the respondent court a complaint, in the form of an affidavit, in which he alleges, among other things, the following: (1) that on August 17th petitioner had actual notice of the order made by the court on that day for the appointment of a receiver; (2) that on August 18th petitioner, together with counsel for other parties in the condemnation action, entered into the stipulation already mentioned for the withdrawal of the money; (3) that petitioner knew at the time that the plaintiff in the quiet title action was claiming the award; (4) that on the same day, August 18th, petitioner and the counsel who had joined with him in the stipulation appeared before Judge Willis in department 10 of respondent court, represented to that judge that

the condemnation action had been settled and procured from him the order for the withdrawal of the money; and (5) that petitioner and the counsel accompanying him did not inform Judge Willis that the quiet title action was pending and that the order appointing a receiver in that action had been made on the preceding day. Petitioner was adjudged guilty of contempt, and thereupon he instituted the present proceeding in this court, seeking to annul the judgment against him.

The affidavit initiating the contempt proceeding was sufficient to give the respondent court jurisdiction. The principal argument presented by petitioner in support of his contention that the order adjudging him guilty of contempt is a nullity may be epitomized thus: The amended interlocutory decree of condemnation was an attempt by the court to correct a judicial error; it, therefore, is a nullity, and the original interlocutory decree stands as the sole valid judicial pronouncement in the condemnation action; the order of August 17th in the quiet title action appointing a receiver is void, not only as to Chandler D. Phillips and his wife, Della, but as to all the parties, for the reason that it failed to mention the *res* which was sought to be made the subject matter of the receivership, and is likewise fatally uncertain in other particulars. Wherefore, so it is argued, Chandler D. Phillips and his wife Della were free to do as they pleased with the compensation which the court awarded to them in the original interlocutory decree of condemnation, and petitioner's participation in the distribution of that award, under a stipulation to which Chandler D. and Della M. Phillips were parties, was not contempt of the court's authority. Under the view we take of the case this argument is quite beside the mark.

Even if the original interlocutory decree in the condemnation action were at all times the only valid decree in that action, and even if the money deposited by the city of Los Angeles were *in custodia legis* for the sole benefit of Chandler D. and Della M. Phillips, nevertheless the plaintiff in the quiet title action, by the amended complaint which, on August 12th, she caused to be served upon petitioner as the attorney for Christine M. Phillips and which she caused to be filed on the 17th of that month, sought to change the character of the court's custody of the money by causing

it to be held thereafter by the court, through a receiver in the quiet title action, for the benfit of herself and of all the other claimants thereto. Therefore, even if the order of August 17th appointing a receiver were a nullity, the fact remains that the plaintiff in the quiet title action, as petitioner well knew from the time the amended complaint was served upon him, was seeking to have the character of the court's custody of the award changed in the manner just indicated. If the order for the appointment of a receiver were a nullity, the plaintiff in the quiet title action was free, nevertheless, to renew her application for a receiver and to procure from the court a valid order therefor in compliance with the prayer of her amended complaint. But the attainment of that relief was frustrated by the withdrawal of the money from the court's custody on the 18th of August. [1] A person may be found guilty of contempt if he actively interferes in a pending action to frustrate any order which may be made therein to establish or secure an asserted estate or right. Such conduct constitutes an "unlawful interference with the . . . proceedings of a court," within the meaning of subdivision 9 of section 1209 of the Code of Civil Procedure. (See *Ex parte Kellogg*, 64 Cal. 343 [30 Pac. 1030]; *Derryberry* v. *Derryberry*, 8 Tenn. Civ. App. 401; *In re Rice*, 181 Fed. 217; *Bartholomay Brewery Co.* v. *O'Brien*, 172 App. Div. 784 [159 N. Y. Supp. 126].) In the *Matter of Rice, supra,* the court says: "Ordinarily, it is true that one who anticipates the bringing of a suit against him may absent himself from the jurisdiction, and continue in hiding after he returns, for the purpose of avoiding service of the usual process to compel his appearance when suit is brought, without offending the dignity of the court or invading the legal rights of the plaintiff. When, however, the intention so to evade the service, formed before the suit is brought, is put into execution after suit brought, not only to avoid appearance in the tribunals of justice, but to frustrate any orders which may be issued to establish the proper status of an estate or right, pending a controversy, and to preserve it from invasion by a defendant who purposes to act and does act while in hiding, so that he may thwart any orders which may be issued to that end, whatever they may be, such conduct is both illegal and immoral, and the courts will compel submission to the jurisdiction and process by attachment

against the recusant party, or sequestration of his property.'' In *Derryberry* v. *Derryberry, supra,* the complainant in a divorce action who intercepted the defendant and by false statements caused her to refrain from making a valid defense was held to be guilty of contempt under a statutory provision of Tennessee similar to subdivision 9 of section 1209 of our Code of Civil Procedure.

[2] It follows from what we have said that if Judge Willis had not made the order which he was induced to sign on August 18th, petitioner's participation in the withdrawal of the award deposited in the condemnation action would have constituted an unlawful interference with the proceedings of the court in the quiet title action, quiet irrespective of whether the order for the appointment of a receiver was or was not a valid order. Wherefore it must follow that petitioner, as the attorney for a client who was a party to both actions, owed a duty to the court to disclose to Judge Willis, freely and frankly, the proceedings previously had in the quiet title action, including the order of August 17th appointing a receiver. Petitioner's failure to notify Judge Willis that the plaintiff in the quiet title action had filed an amended complaint asking for the appointment of a receiver to take possession of the fund, and that an order appointing a receiver had been made the day previously in another department of the respondent court, was not consistent with that good faith and fair dealing which is required to be observed by members of the bar toward the courts in which they practice. (See *People ex rel.* v. *Case,* 241 Ill. 279 [25 L. R. A. (N. S.) 578, 89 N. E. 638]; *People* v. *Beattie,* 137 Ill. 553, [31 Am. St. Rep. 384, 27 N. E. 1096]; *In re Jones,* 70 Vt. 71 [39 Atl. 1087].)

[3] Attorneys who appear in court as counsel for parties to litigated controversies are ''engaged in the service of the court, assisting in the exercise of its jurisdiction and in the performance of its services. They are actually or potentially officers of the court. They stand in confidential relations toward the court, and in consequence thereof they owe to the court the duty of greater fidelity and respect than are due from other persons.'' (*Matter of Shay,* 160 Cal. 399, 406 [117 Pac. 442, 445].) The nature of the lawyer's duty is well stated in *People* v. *Beattie, supra,* where the court says: ''The lawyer's duty is of a double character. He

owes to his client the duty of fidelity, but he also owes the duty of good faith and honorable dealing to the judicial tribunals before whom he practices his profession.  He is an officer of the court—a minister in the temple of justice.  His high vocation is to correctly inform the court upon the law and the facts of the case, and to aid it in doing justice and arriving at correct conclusions.''

[4]  For these reasons we are of the opinion that the matters set forth in the affidavit which inaugurated the contempt proceedings disclose the wilful neglect of a duty owing by petitioner to the court, and that, therefore, the affidavit gave the court jurisdiction under subdivision 3 of section 1209 of the Code of Civil Procedure, which specifically declares that a ''wilful neglect or violation of duty by an attorney'' is a contempt of the authority of the court.

[5]  The evidence was sufficient to support such of the essential averments of the affidavit as were denied by petitioner's answer.  It is claimed that no evidence was introduced to show that petitioner concealed any information from Judge Willis when applying for the order permitting the withdrawal of the award.  Because of certain admissions in the answer, no such evidence was necessary.  In the affidavit initiating the contempt proceedings it is alleged that Judge Willis was not notified or informed ''that the present action [the quiet title action] was existing and that an order had been granted therein'' appointing a receiver.  In his answering affidavit petitioner denied that he had not informed Judge Willis that the quiet title action was existing, but failed to deny the averment that Judge Willis was not informed of the order appointing a receiver.  Allegations in the initiatory affidavit which are not denied in the answer are deemed to be admitted.  (5 Cal. Jur. 945.  See, also, *Hotaling* v. *Superior Court,* 191 Cal. 501 [29 A. L. R. 127, 217 Pac. 73].)  It is true that petitioner's answer denies that he had any knowledge of the order for the oppointment of a receiver when he sought from Judge Willis the order for the withdrawal of the money.  But the lower court found in the contempt proceeding, upon evidence which, though conflicting, was sufficient to support the finding, that on the afternoon of August 17th petitioner was notified by the courtroom clerk of the making of the order and of the terms thereof.  If, then, petitioner had knowledge of the

order for the appointment of a receiver when he appeared before Judge Willis on the afternoon of August 18th—and in view of the finding just mentioned we must accept it as a fact that he did possess such knowledge—then his admission of the averment that he failed to notify Judge Willis of the order appointing a receiver ·was sufficient to warrant the judgment of the court adjudging him guilty of contempt.

We may say in conclusion that practically all of petitioner's contentions are based upon a false premise. He was properly adjudged guilty of contempt, not because he violated an order of the court—he acted under an order permitting a withdrawal of the fund—but because he wilfully neglected a duty which he owed the court as an attorney and counsellor at law, in that he failed to inform Judge Willis of the order appointing a receiver. It may be that even if he had advised Judge Willis of the making of the order that judge, nevertheless, would have granted the order permitting the money to be withdrawn. But it was the Honorable Frank R. Willis, and not this petitioner, whose duty it was to pass upon the question as to whether the proceedings had in the quiet title action, including the order for a receiver, were of such a character that it would not be improper to order the withdrawal of the fund deposited with the court in the condemnation action. The case against petitioner is clearly within the purview of subdivision 3 of section 1209 of the Code of Civil Procedure.

The judgment is affirmed.

Works, J., and Craig, J., concurred.

An application by petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 7, 1926.

Finlayson, J., did not participate in order denying a hearing.