[Civ. No. 9825. Second Appellate District, Division Two.—July 30, 1934.]

X. H. HOLLAR et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES et al., Respondents.

Harry H. Parsons, George R. Maury and Walter G. Danielson for Petitioners.

Everett W. Mattoon, County Counsel, and Beach Vasey, Deputy County Counsel, for Respondents.

CRAIG, J.—In a suit in the Superior Court of Los Angeles County praying annulment of transfers of prop-

erty of Saline Products, Inc., a receiver was appointed and entered into possession and control. Shortly thereafter said court made an order restraining X. H. Hollar from entering upon property, or interfering with the administration of said corporation. Subsequently, on petition by the owner of real property in the county of San Bernardino through petitioners Parsons and Maury as attorneys, said court made an order granting permission to sue the corporation as lessee and one O. E. Saholt, receiver, in San Bernardino County in unlawful detainer and for rents and royalties alleged by a complaint submitted with said petition to have accrued. Following a trial judgment was rendered for possession, a referee or special master was appointed to inspect the books and records and determine any amounts due; a return of satisfaction of such judgment except as to asserted income was made. After completion of the trial in San Bernardino a citation was issued out of the Superior Court of Los Angeles County on petition of said receiver directing that the petitioners herein show cause if any they might have why they should not be held in contempt of court for interfering with its process and with the possession and control of its receiver. After a hearing such citation was discharged as to two and the third of said petitioners was fined.

Subsequent to entry of said judgment in San Bernardino County, on affidavit and petition of the receiver reciting proceedings above stated, and that said order for inspection of records was void, citation again issued out of the Superior Court in Los Angeles County, directing the petitioners and said referee or master to show cause why each should not be held in contempt of court.

■ In the first contempt proceeding it appeared that those cited had taken possession of the realty in San Bernardino County pursuant to judgment and writ of entry in the action authorized by the Los Angeles Superior Court. In the second it was made to appear that inspection of the records of the company was demanded on premises of the corporation in Los Angeles County under authority of the judgment and order made in said action, so authorized and directed to be maintained in San Bernardino County. Hence petitioners' claim of once in jeopardy is not sustained as it was not, as contended by petitioners, a citation in each instance wholly upon the same alleged acts.

The respondent court found upon the first hearing that the granting of leave to institute suit in San Bernardino County was not an error of the court nor of counsel, but "of policy or polity wherein the court allowed its receiver to be sued in another court". ■ Contempt of court consists in the *unauthorized* interference with property in custody of the law. (13 C. J., p. 21, sec. 26.) A receiver is an officer of the court, his possession is that of the court, and interference with or disturbance of his possession *without permission* of the court subjects one to proceedings in contempt. (13 C. J., p. 22, sec. 26.) ■ As stated in *Falloon* v. *Superior Court,* 79 Cal. App. 149 [248 Pac. 1057], where the attorney of a party had caused a withdrawal of money deposited pending condemnation and receivership proceedings without complete disclosure of the facts: "It may be that even if he had advised Judge Willis of the making of the order, that judge, nevertheless, would have granted the order permitting the money to be withdrawn. But it was Hon. Frank R. Willis, and not this petitioner, whose duty it was to pass upon the question as to whether the proceedings had in the quiet-title action, including the order for a receiver, were of such a character that it would not be improper to order the withdrawal of the fund deposited with the court in the condemnation action." Likewise, it was the superior judge of Los Angeles, and not the petitioners herein, whose duty it was to read and who did read and consider the petition and proposed complaint and pass upon the question affirmatively as to whether the suit should be maintained in San Bernardino County. Its order unmistakably directs, "good cause appearing therefrom that a good and meritorious cause exists in favor of the above named plaintiff against Saline Products, Inc., and O. E. Saholt, as receiver thereof . . . and the land in the said action being located in San Bernardino county, California, permission is hereby duly granted to the above named plaintiff to sue said receiver in the superior court of the state of California in and for the county of San Bernardino". It then becomes impossible to perceive from the record how the alleged acts of petitioners could be held, as required in such a proceeding, to be an "abuse of process or proceedings of the court", a "disobedience of any lawful judgment, order, or process of

the court", or "any other unlawful interference with the process or proceedings of a court". (Code Civ. Proc., sec. 1209; Pen. Code, sec. 166.) "The judgment should be against the receiver in his official capacity, leaving the matter of its enforcement to be determined by the court having jurisdiction of the receivership. (*Painter* v. *Painter*, 138 Cal. 231 [71 Pac. 90, 94 Am. St. Rep. 47].) ▮ In the instant case a suit was necessary primarily to determine whether the plaintiff lessor or the receiver's insolvent lessee was entitled to possession of real property outside the jurisdiction of the appointing court, and as to its income. The first question being determined, it remained but to ascertain what, if any, judgment for money should be given against the receiver in his official capacity in aid of liquidation by the appointing court. This presumably could be accomplished only by use of the records in question.

Pertinent to questions controverted by the parties is the language used in *Colorado Fuel & Iron Co.* v. *Rio Grande Southern R. Co.*, 8 Colo. App. 493 [46 Pac. 845], wherein after disposing of numerous extraneous and immaterial matters, the right to such action was sustained and the familiar rule stated: "We are not prepared to say that a failure to obtain leave would, in any event, be pleadable in bar to the action. Under some circumstances, possibly, the receiver could restrain the plaintiff from proceeding, and there may be cases which hold that the action will be dismissed on the receiver's application. It is not a universal rule, and some decisions intimate the application would be too late if made after the defendant had moved for a change of venue and filed a demurrer. The right to dismiss is treated as thereby waived. (High, Rec., c. 8, subd. 5, sec. 261; *Hubbell* v. *Dana*, 9 How. Pr. (N. Y.) 424.) Whether this be or be not true, the complaint, on its face, is sufficient. It alleges a leave granted. In the absence of a showing to the contrary, this would necessarily include the right to prosecute the suit to judgment in any form which the law warrants." Notwithstanding an antecedent restraining order, to say that permission by the appointing court to commence that portion of the litigation over which it had no jurisdiction (Code Civ. Proc., sec. 392) did not contemplate taking any evidence and carrying a suit to completion in aid of the receivership, would amount to a legal

contradiction. The purpose and necessity of such an independent suit is ancillary and to adjudicate through the processes of another court questions not properly triable in the receivership court.

We think the acts which petitioners are represented as having attempted to do, and for which they were cited for alleged contempt, are only those required in carrying on the suit instituted in the Superior Court of San Bernardino. It may later devolve upon the latter to adjust all equities and to determine the time and manner of payment. (*Gableman* v. *Peoria D. & E. R. Co.*, 179 U. S. 335 [21 Sup. Ct. 171, 45 L. Ed. 220]; *Investment Registry* v. *Chicago & M. Elec. Ry. Co.*, 204 Fed. 500; affirmed, 225 Fed. 1022, 144 C. C. A. 663.)

The writ of prohibition is granted as prayed.

Stephens, P. J., and Scott, J., *pro tem.*, concurred.