HARVEY A. MOYER *vs.* HAROLD A. BRAY, administrator.

Essex.   February 26, 1917. — May 28, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Executor and Administrator.   Probate Court,* Appeal.   *Practice, Civil,* Continuance.

In an action against an administrator on a judgment against his intestate, it is
not a defence to the action under R. L. c. 141, § 3, that the defendant before
the expiration of one year from notice of his appointment as administrator
applied the entire estate of his intestate in payment of the claims of all the
creditors who were known to him and that he had no knowledge of the plaintiff's claim until more than a year after he had given notice of his appointment,
if the settlement of his account as administrator still is pending in the Probate
Court upon an appeal from the decree allowing his account.

In such a case the trial court may grant a continuance of the action until the
question of the allowance of the administrator's account is settled.

CONTRACT against the administrator of the estate of William A.
Bray, late of Lynn, on a judgment for $1,227 damages and $39.53
costs obtained against the defendant's intestate on February 6,
1896.   Writ dated August 26, 1914.

The defendant in his answer alleged that he gave notice of his
appointment as administrator on January 13, 1913, that he had
paid out the whole of the estate of his intestate [amounting to
$2,598.64] in the payment of debts of which he had notice, that
he had no notice of the plaintiff's demand against the estate
until the service of the writ upon him on August 28, 1914, and
that on December 7, 1914, he filed in the Probate Court of the
county of Essex an account of his administration, which was
allowed on the same day.

In the Superior Court the case was heard by *Chase,* J., without
a jury.   He found the facts that are stated in the opinion.   The
plaintiff asked the judge to make the following rulings:

" 1.  The facts set forth in the answer do not constitute a defence
to this action.

" 2.  It is no defence, that the whole of the estate and effects of

the deceased were consumed in paying off the debts due from the estate.

"3.   On the admitted facts the plaintiff is entitled to a finding."

The judge refused to make these rulings, and found for the defendant.   The plaintiff alleged exceptions.

The case was submitted on briefs.

*C. H. Sprague,* for the plaintiff.

*M. H. Stone,* for the defendant.

CARROLL, J.   This is an action on a judgment for $1,227 damages and $39.53 costs, recovered in February, 1896, against William A. Bray.

William A. Bray died intestate January 7, 1913.   January 9, 1913, the defendant was appointed administrator of his estate;   he duly qualified, gave due notice of his appointment, and on April 8, 1913, filed an inventory.   On the second day of October, 1913, he paid the debts due from the estate of which he had notice, to the amount of $2,598.64, and in so doing exhausted the entire estate of the deceased.   This writ was served on the defendant August 28, 1914, more than one year after notice was given of his appointment, and until that time he had had no notice of the plaintiff's claim.   December 7, 1914, the defendant filed an account in the Probate Court showing a full administration of all the estate of the intestate previous to notice of the plaintiff's demand, with no balance in his hands at the time he received this notice.   The account was allowed on the same day, without any notice ordered or given by publication or otherwise.   The plaintiff had no knowledge of this until December 14, 1914, on which day he filed a petition to vacate the order allowing the account and "filed an appeal to the Supreme Judicial Court . . . from the allowance of said account."   Both the petition and appeal were pending at the time of the trial of this action.

An executor of the will or an administrator of the estate of one who died before September 1, 1914, who had given due notice of his appointment might, after one year, pay the debts of the estate if he did not within one year after he had given notice of his appointment receive notice of demands which authorized him to represent the estate to be insolvent.   Because of such payments, he did not become personally liable to pay any creditor if payment was made before notice of such creditor's demand

(R. L. c. 141, § 2, see now St. 1914, c. 699, § 2); under R. L. c. 141, § 3, it is provided that if the administrator pays, as required in § 2, before notice of the demand of any other creditor, the whole of the estate, he shall not be required to represent the estate insolvent, but in an action against him he shall be discharged upon proving such payments. The administrator had no knowledge of the plaintiff's claim until more than a year after he had given due notice of his appointment. He filed an inventory as required by law, and without information of the plaintiff's demand, applied the entire estate in payment of the claims of the creditors who were known to him. There was no payment of the funds of the estate to distributees as in *Browne v. Doolittle,* 151 Mass. 595. The funds were all expended in payment of the debts of the deceased, and although the claims of the creditors were paid before the expiration of one year from the date of the notification of the administrator's appointment, the compliance with the statute was a bar to the plaintiff's action if the defendant could show that a settlement of his accounts had been made and approved in the Probate Court. As stated by Chief Justice Shaw in *Cushing* v. *Field,* 9 Met. 180, when discussing Rev. Sts. c. 66, §§ 12–14, (which sections are substantially the same as §§ 2, 3, R. L. c. 141, in so far as they are material to the question we are considering,) "If she has settled an administration account in the Probate Court, from which it appears that the whole estate and effects of the intestate, which have come to her hands, have been exhausted in paying charges of administration, &c., then she has a good defence. But if she has rendered no such account, and especially if she has not returned an inventory, then her only defence will be a representation of insolvency. It is only by an inventory and an account, and by regular proceedings in the Probate Court, that an administrator can defend a suit on the ground of the insolvency of the estate of his intestate." See also *Fuller* v. *Connelly,* 142 Mass. 227; *Forbes* v. *McHugh,* 152 Mass. 412; *McKim* v. *Haley,* 173 Mass. 112.

It is provided by R. L. c. 141, § 5, that the payments of charges of administration and preferred claims which are sufficient to exonerate the executor or administrator from personal liability shall be proved by a decree of the Probate Court. The determination whether the estate of a deceased person has been

exhausted by the payment of debts is in its essence a probate matter, and must be decided in that court rather than in a common law court. "It is a settled principle of our law that trustees appointed by a probate court, as well as guardians, administrators, and executors so appointed have a right to have their accounts adjusted and the amounts due to or from them as trustees determined in the Probate Court, on its probate side, and in the usual probate proceedings; and they cannot be compelled first to render their accounts, or made to pay over the fund, by proceedings at equity or at law, save after and in pursuance of such an adjustment and determination on the probate side of the court." *Green* v. *Gaskill,* 175 Mass. 265, 269. See *Cobb* v. *Kempton,* 154 Mass. 266; *Wilson* v. *Boylston National Bank,* 170 Mass. 9; *Allen* v. *Hunt,* 213 Mass. 276. This is in accord with the general principle of wide application that probate questions must be determined by probate courts. See *Welch* v. *Boston,* 211 Mass. 178, 185, and *Ensign* v. *Faxon,* 224 Mass. 145, 147.

The administrator filed an account in the Probate Court in December, 1914, after service upon him of the plaintiff's writ, and although the record shows this account was allowed (see Probate Court Rule 11), no notice was given the plaintiff (*Browne* v. *Doolittle,* 151 Mass. 595, 597) and a motion to vacate and an appeal from the order of the Probate Court allowing the account were pending at the time of the trial of this action. See R. L. c. 150, § 17; St. 1907, c. 438.

As an appeal from a decree or order of the Probate Court in a case of this kind suspends its operation until the appeal is decided (R. L. c. 162, § 16, *Gale* v. *Nickerson,* 144 Mass. 415, *Tyndale* v. *Stanwood,* 186 Mass. 59; *S. C.* 190 Mass. 513, *Stone* v. *Duffy,* 219 Mass. 178, 182), the defendant could not rely on the fact that the Probate Court previously had allowed the account, an appeal having been taken from the order of the court allowing it. To avail one's self of the defence given by the statute it must be shown that at the time of trial the estate had been settled and the account finally allowed. As this could not be done the plaintiff's third request should have been given.

If a motion is made in the Superior Court within thirty days after the filing of the rescript, for the continuance of the case until

the question of the allowance of the administrator's account is settled, and if the case is continued, such an appropriate judgment shall be entered as the court may determine.

*Exceptions sustained.*