WILLIS C. GOSS, executor, *vs.* SAMUEL DONNELL.

Middlesex.    February 28, 1928. — May 25, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Probate Court*, Appeal; Jurisdiction; Decree: revocation. *Supreme Judicial Court.*

An appeal, without a transcript of the evidence or a report by the judge of the material facts, from a decree of a probate court admitting to probate an instrument as the last will of a decedent, although it is sufficient under G. L. c. 215, § 9, presents no question of law to this court.

Four days after the entry of the decree above described, an "appeal" from the decree was filed by one who alleged therein that he was a first cousin and sole heir at law of the decedent; that he was not named in the petition for proof of the will, which designated as heirs at law four of seven second cousins; that the appellant received no notice of the petition although the petitioner knew of his existence; that the decedent was not of sound mind at the time of the execution of the alleged will; that there was no contested hearing in the probate court on the petition, which was allowed on the testimony of one only of the witnesses attesting the alleged will; and that the appellant desired to contest the allowance of the alleged will. No hearing was had on the "appeal" nor was there any finding with respect to its averments. *Held*, that the "appeal" presented no question of law or of fact to this court.

After the entry in this court of the "appeal" above described, the appellant presented to this court a motion praying that this court, under G. L. c. 231, § 125, "cause to be determined and made a matter of record all of the material facts involved in the appeal from the decree . . . [above mentioned] as set forth in the appellant's appeal and specifications and reasons for said appeal." *Held*, that

(1) The probate court had power to correct errors in the decree arising from fraud, mistake, want of jurisdiction or for any reason adequate in law;

(2) G. L. c. 231, § 125, could not be invoked successfully by the appellant, who must seek relief in the first instance in the probate court.

PETITION, filed in the Probate Court for the county of Middlesex on October 5, 1927, for proof of the will of Susan P. Harrold, late of Melrose.

The petition was heard by *Harris,* J., by whose order a decree was entered allowing it. Appeals from the decree by Samuel Donnell, alleged to be the sole heir at law and next of kin of the testatrix, and a motion filed by him in this court, are described in the opinion. It appeared that the appellant also filed in the Probate Court a petition to revoke the decree.

The case was submitted on briefs.

*S. H. Donnell, E. B. O'Brien, & C. J. Powell,* for the respondent.

*W. T. Atwood & S. Maylor,* for the petitioner.

RUGG, C.J. This case comes before us on appeal from a decree of the Probate Court whereby an instrument was proved and allowed as the last will of Susan P. Harrold. That decree was entered on the third day of November, 1927. There was filed with the register of probate by Samuel Donnell on November 7, 1927, a paper entitled, "Appeal from Decree Admitting to Probate the Will of Susan P. Harrold, Late of Melrose in the County of Middlesex." In this paper are set forth as reasons why Samuel Donnell was aggrieved by said decree allegations to the effect that he was the first cousin and is the only heir at law and next of kin of said Susan P. Harrold, hereafter called the decedent; that the petition for the allowance of her alleged will contained no reference to him and named as the heirs at law four of seven second cousins; that no notice of the said petition was sent to said Samuel Donnell; that the petitioner named as executor in said alleged will well knew before filing the petition that said Samuel Donnell was living in Peabody in this Commonwealth but deliberately omitted his name from the list of heirs of the decedent; that the decedent was not of sound mind at the time of the execution of the alleged will,

as was well known to said petitioner; that there was no contested hearing in the Probate Court on the allowance of the alleged will, and that only one attesting witness testified, and that said Samuel Donnell desires to contest the allowance of said alleged will. In substance this paper was designed to set out a fraud on the Probate Court, although the allegations might be more definite. On the ninth of November, 1927, Samuel Donnell filed a formal appeal from the decree allowing the will.

This formal appeal was sufficient under G. L. c. 215, § 9. But it presented no question of law because there was no transcript of the evidence and no report by the judge of the material facts. "Nothing is open on such an appeal but the power of the court to make the decree upon any evidence that might have been adduced under the petition." *Hale* v. *Blanchard*, 242 Mass. 262, 264. *Jordan* v. *Ulmer*, 237 Mass. 577. *Commissioner of Banks in re Cosmopolitan Trust Co.* 249 Mass. 144, 147. See *Littlejohn* v. *Littlejohn*, 236 Mass. 326. The paper filed on the seventh of November, 1927, without any hearing thereon and no finding respecting its averments, presents no question of law or fact in this court.

After the appeal was entered in the full court, Samuel Donnell presented a motion supported by affidavit praying that this court, in accordance with G. L. c. 231, § 125, "cause to be determined and made a matter of record all of the material facts involved in the appeal from the decree of the Probate Court . . . admitting to probate the will of Susan P. Harrold . . . as set forth in the appellant's appeal and specifications and reasons for said appeal." This motion was argued orally at the bar and later on briefs.

The question thus presented relates to probate practice and procedure under our peculiar jurisdiction over the probate of wills and under recent statutes. The general power of a court of probate to revoke its decrees for cause has been fully considered in several leading cases written by justices of this court of special eminence. *Waters* v. *Stickney*, 12 Allen, 1. *Gale* v. *Nickerson*, 144 Mass. 415. *Crocker* v. *Crocker*, 198 Mass. 401. That ground need not be traversed again. It now is settled that a court of probate has power to correct

errors in its decrees arising out of fraud, or mistake, or want of jurisdiction, or for any reason adequate in law. Its power in this field is "analogous to that of courts of common law to issue writs of review and of courts of equity to entertain bills of review. It is to correct mistakes of fact or of law." 198 Mass. 404, 405. It will be a more convenient practice for a matter of this sort to be considered in the trial court of probate. It follows from the principles declared in the three cases last cited, in the light of the historical discussions and reasoning therein contained, that the matters relied upon by the aggrieved party in the case at bar are appropriate for hearing and determination by the court of probate upon proper petition to vacate or revoke the decree whereby the will of the decedent was approved and allowed.

Doubtless before the enactment of St. 1919, c. 274, now G. L. c. 215, §§ 9–18, relief might have been afforded by appeal from the court of probate to the Supreme Judicial Court sitting as the supreme court of probate for the trial of facts. But since the passage of said c. 274, such new trial of facts is no longer permissible. It is desirable that the practice should be uniform and that all matters of this general nature should be considered in the first instance by the court having jurisdiction of the main subject. The wrong of which complaint here is made falls within the class where relief commonly has been sought by appropriate proceeding in the court of probate. *Phillips* v. *Chase,* 203 Mass. 556, 567. ' *Clarke* v. *Andover,* 207 Mass. 91, 97, 98. *Neafsey* v. *Chincholo,* 225 Mass. 12, 15. *Phillips* v. *Phillips,* 241 Mass. 47. *Gallagher* v. *Sullivan,* 251 Mass. 552. *Ott* v. *Hogan,* 254 Mass. 491. *Farquhar* v. *New England Trust Co.* 261 Mass. 209, 214.· We think that there is nothing contrary to this conclusion in *Nash* v. *Whitcomb,* 225 Mass. 487. That case held that relief upon facts somewhat similar to those here alleged might be had by a new hearing on appeal before the supreme court of probate sitting as a trial court, but did not decide that no relief could be had by original petition to the court of probate. That decision was rendered before the passage of St. 1919, c. 274, which took away the remedy there held applicable. In the present state of the statutory law,

that decision is not pertinent and is no bar to appropriate proceedings in the court of probate.

The result is that in the circumstances here disclosed G. L. c. 231, § 125, cannot be successfully invoked, and that relief must be sought by petition to be filed and heard in the first instance in the court of probate.

*Motion denied.    Appeal dismissed.*