KATHRYN DOLAN, executrix, vs. NELLIE ROY, conservatrix.

Essex.    May 16, 1934. — May 26, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Probate Court*, Decree: revocation; Appearance.

Where, after the filing in a probate court of an executor's account, an attorney representing one of the residuary legatees named in the will filed in the Probate Court a letter referring to the estate of the decedent and asking that his appearance be entered for the legatee; the register thereupon indorsed upon the letter the name of the estate, "account," filed it, and wrote to the attorney acknowledging it and stating that he had entered the attorney's appearance in opposition to the account; and the attorney later sent a letter to the register requesting that the account be marked up for hearing as soon as convenient and requesting notice of the marking, it was *held*, that in the circumstances the first letter of the attorney was sufficient to constitute an appearance in opposition to the account.

A probate court, which by mistake had allowed an account without notice to an interested party or his attorney, who previously had entered his appearance in opposition to the account and had requested that the account be marked for hearing and that he be notified of the marking, had the power to vacate the decree allowing the account on the ground of such mistake; and, in the circumstances, a finding that there was a meritorious controversy to be adjudicated was not a condition precedent to the vacation of the decree.

PETITION, filed in the Probate Court for the county of Essex for the allowance of the first account of the petitioner as executrix of the will of Daniel Roy, late of Lawrence.

The account was allowed in the circumstances described in the opinion. A petition by the respondent to vacate the decree allowing the account and to reopen it for hearing was filed on March 6, 1933. The petition to vacate was heard by *Dow*, J., and was allowed by a decree entered on May 25, 1933. The executrix appealed. The evidence was reported, and the judge filed a report of material facts found by him.

The case was submitted on briefs.

*M. A. Flanagan & J. J. Fox, Jr.*, for the executrix.
*M. Nicholson*, for the conservatrix.

RUGG, C.J.  This is an appeal by the accountant from a decree of the Probate Court revoking a decree allowing her first account as executrix.  The trial judge made a report of findings of material facts, in substance, as follows:  On July 13, 1932, Kathryn Dolan filed her first account as executrix of the will of Daniel Roy.  On November 16, 1932, citation issued on said account and return was made showing that it had been served as ordered.  On September 28, 1932, an attorney for one of the residuary legatees named in the will filed in the Probate Court a letter referring to the estate and asking that his appearance be entered for Daniel F. Roy.  This letter was indorsed by the register with the name of the estate and reference to the "account" and was filed.  It was acknowledged by the assistant register by letter with the statement that as the first account "has not been allowed I have entered your appearance in opposition but if you indicate it for a general opposition I would add that it is not the practise of this Court to recognize it further."  Later the attorney wrote to the register in reply requesting that the account be marked up for hearing as soon as convenient and requesting notice of the date of marking.  On December 6, 1932, the account was allowed. No notice that the account was to be acted upon was given to Daniel F. Roy or his attorney, and the facts above found were not brought to the attention of the judge.  In a word, the situation was that Daniel F. Roy had seasonably caused his appearance to be entered in opposition to the allowance of the account, had been notified that his appearance had been received and filed, had asked that the case be marked for hearing and that notice be given him, and that then without notice to him hearing was had and the account allowed.  He had done everything within his power to secure a hearing and notice and the court had proceeded without giving him notice.  Seasonably after the allowance of the account Daniel F. Roy through his conservator petitioned that the decree be vacated and the account be reopened for hearing.  The decree on this petition recited that the decree of December 6, 1932, allowing the account

"was made through a mistake of the court" and it was decreed that that decree be revoked.

It is contended by the accountant that the letter of the attorney entering his appearance for Daniel F. Roy was not in conformity to Rule 1 of the Probate Court. While the letter may not have been technically perfect in every particular, it was sufficient to constitute an appearance and was so understood by the register of probate. *Hays* v. *Georgian Inc.* 280 Mass. 10, 15.

It was plainly within the power of the Probate Court to vacate its decree entered by reason of mistake as recited in the decree of revocation. The evidence which need not be recited supports the finding. The judge had a right also to draw upon his personal knowledge of the practice of his court and the fact whether the decree of December 6, 1932, was in truth entered by mistake. *Cleveland* v. *Quilty,* 128 Mass. 578. *Clarke* v. *Andover,* 207 Mass. 91, 97, 98. *Sullivan* v. *Sullivan,* 266 Mass. 228. In these circumstances it was not essential as a preliminary to vacating the decree that the court find that Daniel F. Roy had a meritorious controversy to be adjudicated. *Lovell* v. *Lovell,* 276 Mass. 10. The decree of December 6 was vacated not because of any mistake on the part of Daniel F. Roy or his attorney but because of a mistake of the court which denied a hearing. It is of the essence of the administration of justice under our system of government and laws that a party cannot be deprived of a right to be heard by action of the court and without any default on his own part. *Parker* v. *Lewis J. Bird Co.* 221 Mass. 422, 425.

*Decree of May 25, 1933, revoking decree*
*of December 6, 1932, affirmed.*