EDNA W. ODDE, administratrix, *vs.* EFFIE F. FIELD.

Middlesex. March 2, 1937. — March 31, 1937.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Executor and Administrator*, Accounts, Bond. *Probate Court*, Decree: revocation; Petition in equity to enforce bond.

An account of an administrator, showing exhaustion of the assets of the estate by payment of administration expenses and preferred claims, filed but not allowed, was not a bar to the maintenance of a petition by a common creditor under G. L. (Ter. Ed.) c. 205, §§ 7A, 20, to enforce the obligations of the administrator's bond.

A judge of a probate court, upon the hearing of a petition to revoke a decree previously entered by him, had a right to draw upon his personal knowledge of what occurred at the hearing preceding that decree.

Upon a record disclosing that an administrator's account, filed more than five years after the approval of his bond and showing exhaustion of assets by payment of preferred claims so that, if allowed, it would have been a defence to a petition, previously filed, by a certain judgment creditor to enforce the administrator's bond, was referred to and discussed at the hearing upon such a petition but was not presented for adjudication and was not allowed, no error of law or abuse of discretion was shown in the entry of a decree allowing the creditor's petition without the account first being adjudicated or in the denial of a later petition by the administrator that said decree be revoked in order that his account might first be adjudicated.

PETITION IN EQUITY, filed in the Probate Court for the county of Middlesex on June 18, 1936.

After a hearing of the petition by *Monahan, J.,* a decree dismissing it was entered. The petitioner appealed.

*H. F. R. Dolan,* for the petitioner.

*B. F. Thornburg,* for the respondent.

FIELD, J. On January 24, 1936, Effie F. Field brought in the Probate Court a petition in equity under G. L. (Ter. Ed.) c. 205, §§ 7A, 20, against Edna W. Odde as administratrix of the estate of John A. L. Odde, deceased, and the sureties on her bond as such administratrix to enforce the obligations of the bond. The petition alleged that the bond

was approved January 6, 1931, that the petitioner recovered judgment against the estate of said deceased, and that the administratrix came into possession of sufficient assets to pay said judgment, but upon demand has neglected and refused to pay it. On May 26, 1936, a decree was entered on this petition reciting that it appeared that there had been a breach of the condition of said bond and ordering "that the obligations of said bond be enforced by the payment to said petitioner by said respondents of the sum of" $649.85, "and that execution issue therefor."

On June 18, 1936, the administratrix brought in the Probate Court a petition to revoke the decree above described. This petition alleged that the administratrix "has filed with" the "court a first and final account as said administratrix and believes and therefore affirms that this account was examined and considered by this honorable court at the same time as said petition of Effie F. Field; that this honorable court has made a decree on the petition of said Effie F. Field as aforesaid but has made no decree either allowing or disallowing said account; that it is important to the rights of your petitioner that this honorable court make a decree on the allowance of her said account either prior to its decree on said petition of Effie F. Field or simultaneously therewith and that the failure of this honorable court to make any decree on the allowance of said account has prejudiced the rights of your petitioner." The administratrix prayed that the court "revoke its decree of May 26, 1936, on the said petition of said Effie F. Field and assign said petition for a rehearing and that said account be assigned for hearing on the question of its allowance either prior to or at the same time that the petition of Effie F. Field is reheard." This petition was dismissed and the administratrix appealed.

The judge, at the request of the administratrix, filed a report of material facts including the following: "An appeal by the petitioner from said decree enforcing the obligations of her bond was waived, after a report of material facts found was filed, incorporated herein by reference. [The report so incorporated contains the following findings:

'In 1936, after the petitioner [Effie F. Field] obtained his [*sic*] judgment and execution against this estate, the administratrix filed her account in this court, to which account objections were made. No request was made by either the accountant or the party objecting to the allowance of said account to have the same heard before this court. No account has been before the court.'] No commissioner was appointed at the hearing of this suit. The instant petition [to revoke] was heard on the statements of counsel, a commissioner having been appointed to take testimony. The petitioner alleged that an account of her administration was filed in this court, showing that the estate was exhausted by the payment of preferred claims. I find that this account was filed as alleged but that the petitioner did nothing before nor during the hearing upon the petition to enforce the obligations of her bond to secure an adjudication of the account, and that the account was prepared and filed by the same counsel who appeared for the petitioner in this petition to vacate said earlier decree." The report of the commissioner therein referred to is before us.

Except as against preferred creditors the settlement of an account of an administrator in the Probate Court showing "that the whole estate and effects which have come to his hands have been exhausted in paying the charges of administration and debts or claims entitled by law to a preference over the common creditors of the deceased" would be "a bar to an action brought against him by a creditor." G. L. (Ter. Ed.) c. 197, § 5. *Standard Rubber Co.* v. *Carberry*, 296 Mass. 503, 505–506. In this case there was no such settlement of an account of the administratrix though she had filed an account in the Probate Court. The object of the administratrix in seeking revocation of the decree enforcing the obligations of the bond is to enable her to obtain a settlement of her account which would be a bar to the petition against her on the bond.

The decree dismissing the petition for revocation of the decree enforcing the obligations of the bond must be affirmed.

The Probate Court had power on a petition to that end to revoke a decree previously entered by it for error "arising out of fraud, or mistake, or want of jurisdiction, or for any reason adequate in law." *Goss* v. *Donnell,* 263 Mass. 521, 524. *Eldridge* v. *Eldridge,* 278 Mass. 309, 312. *Greene* v. *Springfield Safe Deposit & Trust Co.* 295 Mass. 148, 153–154. Revocation of such a probate decree rested to some extent in the sound judicial discretion of that court subject, however, to appeal to this court. *Beardsley* v. *Hall,* 291 Mass. 411, 413.

There is no contention that any finding of fact by the probate judge on the petition to revoke the prior decree was wrong except the finding that the administratrix "did nothing before nor during the hearing upon the petition to enforce the obligations of her bond to secure an adjudication of the account." (This finding varies somewhat from the finding made on the earlier petition.) The judge had a right to draw upon his personal knowledge of what occurred at the time of this hearing. *Dolan* v. *Roy,* 286 Mass. 519, 521. At the later hearing he stated that all the papers in the case, evidently including the account of the administratrix on file, were in court at the time of the earlier hearing. The commissioner's report of the later hearing contains statements of counsel with respect to the earlier hearing which were received in lieu of evidence. Counsel for the administratrix stated that he had not marked the account for hearing but that he assumed that it was before the judge for hearing. The statement of opposing counsel indicated that he did not so understand. Statements of both counsel, however, tended to show that items in the account were discussed. Counsel for the administratrix stated that at the earlier hearing he asked the judge "to consider the account," that the judge "took the account and looked at it" and that such counsel said that "if the account was allowed it was a complete defence." This counsel stated also that, in a brief filed by him after this hearing, he stated to the judge that one of the issues before him was the allowance of the account filed by the adminis-

tratrix, and further that "I argued that the administratrix was entitled to have action on the petition of Effie F. Field held in abeyance until the court had acted on the allowance of the account of the administratrix and that the question of the settlement of the account was then before your Honor. I stated that the respondent prayed that your Honor reserve your decision on the petition, pending the settlement of the account which was then before you." Even the statements most favorable to the administratrix raise some doubt as to whether at the original hearing the account was before the judge for settlement or merely as incidental to the decision on the petition to enforce the obligations of the bond. Counsel for the administratrix, in the brief submitted by him after that hearing, apparently deemed this a matter for argument. We cannot say that the disputed finding of fact was plainly wrong. The case must be decided on the basis that it was right.

The account of the administratrix, filed but not allowed, was not a bar to the maintenance of the petition to enforce the obligations of her bond. G. L. (Ter. Ed.) c. 197, § 5. *Grant* v. *Crowley*, 217 Mass. 552, 554. *McIntire* v. *Conlan*, 223 Mass. 389, 391. "To avail one's self of the defence given by the statute it must be shown that at the time of trial the estate had been settled and the account finally allowed." *Moyer* v. *Bray*, 227 Mass. 303, 306. The burden rested on the administratrix of presenting her account for allowance at the risk of losing the benefit of the statutory defence to a proceeding on the bond if she did not do so. The probate judge was not required to act *sua sponte* on an account, even if known by him to be on file, in order to create such a defence. More than five years had elapsed after the approval of the bond of this administratrix before the petition to enforce its obligations was brought. And on the findings of the judge — which are not plainly wrong — even after this petition was brought the administratrix did not, either before or at the time of the hearing thereon, present her account to the court for allowance. On the findings the judge properly could take the position that the

account was not before him for allowance at the hearing on the petition to enforce the obligations of the bond. The administratrix was not as of right entitled to a decision on the account at that time.

The petition to enforce the obligations of the bond, however, was before the judge for decision. A final allowance of the account, if it conformed to the requirements of G. L. (Ter. Ed.) c. 197, § 5, after this petition was brought but before decision thereon, could have been availed of as a defence to the petition. *Fuller* v. *Connelly*, 142 Mass. 227, 231. And the probate judge in his discretion might have continued the case on the petition until the question of the allowance of the account of the administratrix was settled. *Moyer* v. *Bray*, 227 Mass. 303, 306–307. His findings, however, import that no request for such a continuance was made in behalf of the administratrix before or at the time of the hearing on the petition. In the circumstances disclosed we cannot say that it was an improper exercise of discretion on the part of the probate judge to proceed to a decision on the petition rather than to continue the case pending adjudication of the account (see *Morgan* v. *Steele*, 242 Mass. 217, 218; see also *Noble* v. *Mead-Morrison Manuf. Co.* 237 Mass. 5, 16), even if we assume in favor of the administratrix — as we do not decide — that this exercise of discretion is reviewable as fully on this appeal as it would have been on an appeal from the original decree with a full record. See *Frechette* v. *Thibodeau*, 294 Mass. 51. Nor was it error of law or an improper exercise of discretion for the judge to refuse to revoke the original decree in order that such a continuance might be had. See *Thompson* v. *DeVisser*, 219 Mass. 40, 43.

The record does not show that the original decree was entered "through a mistake of the court," as was the case in *Dolan* v. *Roy*, 286 Mass. 519, 521. Nor does the record show that the decree was entered as the result of such negligence or mistake of counsel for the administratrix that — contrary to the decision of the probate judge — justice requires a review of this decree. See *Frechette* v. *Thibodeau*, 294 Mass. 51, and cases cited. See also *Goss* v. *Don-*

*nell,* 263 Mass. 521, 523–524.   No other ground for revoking the original decree is presented by the record or requires discussion.

*Decree affirmed.*