Dorothy Knowles *vs.* Charles A. Newhall & another, executors.

Norfolk.    May 2, 1939. — June 28, 1939.

Present: Field, C.J., Qua, Dolan, Cox, & Ronan, JJ.

*Probate Court*, Appeal.

A decree dismissing a petition in a probate court, made without a statement of finding of facts and upon conflicting evidence, was affirmed.

Petition, filed in the Probate Court for the county of Norfolk on March 7, 1938.

After hearing by *McCoole*, J., the petition was dismissed.

*H. F. Wood*, (*J. L. Burns*, with him,) for the petitioner.

*C. M. Rogerson*, (*R. W. Hardy* with him,) for the respondents.

Ronan, J. This is an appeal from a decree dismissing a petition to revoke a decree allowing the will of Alice N. Knowles. The petitioner, the adopted daughter of Mrs. Knowles, and her next of kin, had been more generously remembered in a previous will. She alleged that

the testatrix was induced by fraud and undue influence exerted upon her by her brother, who was named one of the executors, to execute on January 6, 1938, shortly before her death, an instrument as her will; that the brother had falsely represented to the testatrix that it was substantially similar to the previous will; that Mrs. Knowles at the time she executed this instrument was incapable of executing a will; that the brother had failed to give the petitioner a copy of the will or to inform her as to her rights and that fraud had been practised upon the Probate Court by the fraudulent concealment of material facts in securing the allowance of the will.

The evidence was conflicting. It is unnecessary to narrate it. If believed, it was ample to show that none of the material allegations of the petition had been sustained. No findings of fact appear in the record. The credibility of the witnesses was for the determination of the judge, who saw and heard them testify. Following the well settled rule in equity, which is also applicable to probate appeals, *School Committee of Winchendon* v. *Selectmen of Winchendon*, 300 Mass. 266, and cases cited, we cannot disturb the general finding in favor of the executors, as an examination of the oral testimony upon which it was based does not show that it was plainly wrong. *Trade Mutual Liability Ins. Co.* v. *Peters*, 291 Mass. 79. *Markiewicus* v. *Methuen*, 300 Mass. 560.

The Probate Court has ample power to correct or revoke decrees previously entered, on account of mistake, or for want of jurisdiction where it has been falsely induced to assume that it had jurisdiction, or for any cause deemed adequate in law. *Goss* v. *Donnell*, 263 Mass. 521. *Dolan* v. *Roy*, 286 Mass. 519. *Odde* v. *Field*, 297 Mass. 167. *Parsekian* v. *Oynoian*, 299 Mass. 543. The petitioner had seasonable notice of the hearing on the probate of the will. She apparently failed to show that fraud was practised upon the court, the testatrix or herself. The decree dismissing the petition was right. *Renwick* v. *Macomber*, 233 Mass. 530. *Fuller* v. *Fuller*, 261 Mass. 82. *Donnell* v. *Goss*, 269 Mass. 214. *Holyoke National Bank*

v. *Dulitzky*, 273 Mass. 125.   *Hilton* v. *Hopkins*, 275 Mass. 59.   *McLaughlin* v. *Feerick*, 276 Mass. 180.   *Beardsley* v. *Hall*, 291 Mass. 411.

*Decree affirmed.*