Sarah Traistar, Appellee, v. Nathan Traistar, Appellant.

Gen. No. 41,081.

Opinion filed October 1, 1940.

CHARLES H. BORDEN and PAUL F. POMEROY, both of Chicago, for appellant.

FRIEDMAN, HUTLER & TOPPER, of Chicago, for appellee; RUSSELL J. TOPPER, of Chicago, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

November 22, 1938, plaintiff filed her complaint for divorce charging defendant with extreme and repeated cruelty. Defendant filed his answer denying the charges and setting up matters which it is unnecessary to refer to here. July 13, 1939, the court entered an order, which among other things, provided that "the entire cause be referred to Arthur Goldblatt, as amicus curiae, to hear and report his findings and recommendations for and as to final disposition and adjustment of all matters involved herein without charge therefor to the parties herein," and that the amicus curiae file his report within 10 days. August 25, 1939, plaintiff filed an amended complaint for divorce solely on the ground of

desertion in which she alleged that on "to-wit: the 15th day of October, A. D. 1937" defendant deserted plaintiff without reasonable cause and without any fault on her part. On the same day defendant filed his answer in which he denied the charge of desertion and the parties then entered into a stipulation signed by their counsel "that the hearing of the above entitled cause be had upon amended bill and answer . . . as in cases of default." The matter was heard on that day before Judge ROBERT C. O'CONNELL, at which the report of the proceedings discloses Arthur Goldblatt "amicus curiae" and counsel for both parties were present. At the opening of such hearing Mr. Goldblatt stated to the court that he was appointed "as Amicus Curiae in this cause, and after a number of hearings and conferences with the parties and the attorneys, parties have agreed that an amended bill of complaint be filed and an answer by the defendant, and they have also stipulated that the matter come on to be heard on the amended bill of complaint. Now, I think that in this matter, perhaps it would be better to prove up the case. There are also certain matters on which I will report to your Honor at a later date, which I think your Honor should take under advisement." Thereupon counsel for plaintiff called Mrs. Traistar and two of her children who testified in support of the allegations of the bill including that defendant had deserted plaintiff October 15, 1937. Defendant offered no evidence.

Afterwards the report of the proceedings was approved and filed and a decree of divorce entered awarding plaintiff a divorce on the ground of desertion. The decree passed on the property rights of the parties and awarded plaintiff alimony. The decree, among other things, finds that during the pendency of the suit, pursuant to order of court, $63.75 was deposited "with ARTHUR GOLDBLATT, as amicus curiae" by the tenant of the property owned jointly by the parties and it was

adjudged that Goldblatt retain $25 of this money "as and for partial payment on account of his fees and compensation herein as amicus curiae;" that he retain $15 additional out of the moneys as "reasonable court reporting and other indispensable expenses incurred" and that he turn over the balance to plaintiff.

October 6, 1939, eight days after the entry of the decree, counsel for defendant withdrew his appearance and others were substituted. On the same day an order was entered which recites that on motion of solicitor for plaintiff the cause came on to be heard upon plaintiff's verified petition for a rule on defendant to show cause why he should not be held in contempt of court for failure to comply with the terms of the decree of divorce and it was ordered that plaintiff be given leave to file the petition instanter. Defendant was ordered to pay plaintiff $50 of the amount due under the decree and it was further ordered that leave be given defendant to substitute counsel and to file a petition to vacate the divorce decree. The decree of divorce was entered by Judge O'Connell and the motion and petition to vacate was filed before Judge Nelson, who was sitting at the time.

It was alleged in the petition that prior to the decree of divorce entered by the superior court, plaintiff had filed her verified complaint in the circuit court against defendant for separate maintenance in which she alleged that the parties were married August 9, 1914, and lived together as husband and wife until October 19, 1938; that November 15, 1938, defendant filed his motion in the circuit court to dismiss the complaint on the ground that the parties were living together as husband and wife; that the matter came on to be heard before Judge Finnegan, of the circuit court, who heard the evidence in support of the motion, found in favor of defendant, and November 15, 1938, dismissed the complaint for want of equity; that seven days thereafter the same counsel who appeared for plaintiff in the circuit

court suit filed the bill for divorce in the superior court and that in the superior court suit the court was not informed of the action of the circuit court and that this was a fraud on the superior court.

Other matters are set up in the petition as to the agreement of the parties in reference to alimony and property rights which are not important here.

Attached to and made a part of the petition was a copy of the verified complaint for separate maintenance filed in the circuit court, a copy of the substitution of counsel, copy of defendant's motion filed in the circuit court proceeding and the final order or decree entered by the circuit court dismissing the cause for want of equity.

Mrs. Traistar filed her answer to the petition in which she denied she had alleged in her circuit court complaint for separate maintenance that she had cohabited with her husband from the date of her marriage until October 19, 1938, and alleged that the complaint was dismissed by the circuit court on the ground that it failed to allege the parties were living separate and apart at the time of the institution of that proceeding.

October 16, 1939, the matter of the petition to set aside the divorce decree and the answer thereto came on for hearing before Judge NELSON but the court refused to permit counsel for the petitioner to go into the matter fully by calling witnesses, etc., and the petition was dismissed.

We think the verified petition to vacate the decree of divorce set up sufficient facts to show prima facie that fraud and imposition had been committed on the hearing of the divorce suit in the superior court. *People ex rel. Healy v. Case,* 241 Ill. 279, and the court erred in not hearing the case at large on the petition and answer. If plaintiff, as she alleged in her verified complaint for separate maintenance, was living with defendant as husband and wife until October 19, 1938, and this was adjudicated against her by the circuit

court, she could not a few days thereafter file her verified bill in the superior court alleging that defendant had deserted her in 1937. The State has an interest in divorce suits. *Floberg v. Floberg,* 358 Ill. 626.

There is no warrant in law which authorized the court to appoint or refer the cause to amicus curiae. Divorce cases should be heard by the court. Nor do the facts in the instant case warrant the appointment of a special commissioner [§ 5, ch. 90, Ill. Rev. Stat. 1939; Jones Ill. Stats. Ann. 106.26].

For the reasons stated, the order of the superior court of Cook county dismissing the petition is reversed and the matter remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*

Matchett, J., and McSurely, J., concur.