JOHANNA O'SULLIVAN *vs.* GEORGE F. PALMER,
administrator.

Hampden.   September 17, 1942. — October 27, 1942.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Probate Court*, Jurisdiction, Vacation of decree.  *Fraud.  Executor and Administrator*, Appointment.

Knowingly to represent falsely to a Probate Court, in a petition for
appointment as administrator, that persons named therein as assent-
ing were the only next of kin of the intestate was a fraud on the part
of the petitioner which warranted revocation of a decree making such
appointment without the issuance of a citation; and the administra-
tor's situation was not helped by the fact that an earlier petition for a
different appointment had been filed, a citation had been issued
thereon, and it had been dismissed.

PETITION, filed in the Probate Court for the county of
Hampden on March 12, 1941.

The case was heard by *Denison*, J., and in this court was
submitted on briefs.

*T. H. Kirkland*, for the respondent.

*H. M. Ehrlich & J. L. Dowd*, for the petitioner.

QUA, J.   By a decree of August 20, 1941, the Probate
Court for Hampden County revoked its former decree of
July 2, 1940, whereby it had appointed George F. Palmer
administrator of the estate of Mary Jane Quinlan, late of
Holyoke.   Palmer appeals from the decree of revocation.

Before Palmer filed his petition for appointment as ad-
ministrator a petition had been filed by one who was not
in fact next of kin to the deceased, wherein were named as
the next of kin persons who were not in fact such.   A cita-
tion had issued on this earlier petition, but the petition was
"withdrawn and dismissed" when Palmer was appointed.
Palmer in his petition represented that two persons named
therein, who signed the petition for the purpose of assent-
ing thereto, were the only heirs at law and next of kin of
the deceased, but at the hearing on the petition for revoca-

tion the judge found on evidence not reported that Palmer "knew of other next of kin and also that no notice had been given to them and no assents obtained"; and that "misrepresentation was made to this Court of facts concerning the next-of-kin."

The findings of the judge are findings of fraud on Palmer's part in obtaining his appointment as administrator. There is nothing in the record to control them, and they are decisive. It is settled that a Probate Court may revoke its decrees when obtained through fraud of this kind on the same general principles on which a court of equity may entertain a bill of review. *Waters* v. *Stickney*, 12 Allen, 1. *Goss* v. *Donnell*, 263 Mass. 521. *Parsekian* v. *Oynoian*, 299 Mass. 543. *Kennedy* v. *Simmons*, 308 Mass. 431, 432, 433. This case is to be distinguished from cases like *Zeitlin* v. *Zeitlin*, 202 Mass. 205, *Renwick* v. *Macomber*, 233 Mass. 530, and *Stephens* v. *Lampron*, 308 Mass. 50, cited by the appellant, where it has been held that reasons of public policy forbid the revocation of a decree merely on the ground that fraudulent conduct in presenting false evidence or in concealing evidence at a trial has resulted in erroneous findings of fact. Here the court was induced at the outset to entertain Palmer's petition for administration without issuing a citation upon it (G. L. [Ter. Ed.] c. 193, § 2) and to appoint him administrator upon his false representation that all the heirs at law and next of kin were named in his petition and had assented to it. *Parsekian* v. *Oynoian*, 299 Mass. 543, 545, 546. His situation is not helped by the fact that an earlier petition had been filed and a citation issued upon that before his petition was filed, and that it might have been possible for the court to appoint Palmer upon the earlier petition. In fact the court dismissed the earlier petition and appointed Palmer in reliance upon the sworn statements contained in his petition.

*Decree affirmed.*