MARGARET R. BUCKINGHAM *vs.* ARTHUR O. ALDEN, guardian, & another.

Suffolk.     November 10, 1943. — January 31, 1944.

Present: FIELD, C.J., LUMMUS, QUA, & RONAN, JJ.

*Attorney at Law. Probate Court,* Vacation of decree, Judge. *Guardian,* Ad litem.

An attorney at law, in presenting to a judge of a Probate Court a petition for the appointment of a certain person as a permanent guardian, had a duty to disclose to that judge the facts, which the attorney knew, that another judge of the court had previously refused so to appoint that person and had appointed another as temporary guardian;

and the attorney's failure to disclose such facts warranted revocation of a decree making the permanent appointment sought by the attorney.

A judge of a Probate Court having several judges may, upon a sufficient ground, revoke a decree appointing a fiduciary entered by another judge of that court.

A Probate Court has power to appoint a guardian ad litem or next friend to prosecute in behalf of an insane person a petition for the revocation of a decree appointing a permanent guardian of the insane person.

One who, originally as a temporary guardian, brought a petition in a Probate Court for revocation of a decree appointing a permanent guardian, had sufficient standing to prosecute the petition in the name and behalf of the ward as his guardian ad litem or next friend after an amendment of the petition had been allowed to show that it was brought by the ward by him as next friend, although there was no formal appointment of him as such.

PETITION, filed in the Probate Court for the county of Suffolk on January 15, 1943, by "George B. Rowlings, temporary guardian of Margaret R. Buckingham," for revocation of a decree entered by *Wilson,* J., on December 17, 1942, appointing Arthur O. Alden as her guardian.

A motion, filed during the hearing, to amend the petition by substituting as the petitioner "Margaret R. Buckingham . . . who brings this petition by George B. Rowlings her next friend" was allowed by *Dillon,* J., who also denied a motion by "Margaret R. Buckingham by her guardian Arthur O. Alden and Theodore Roessle . . . [her] brother and sole heir presumptive" to dismiss the petition on the ground that, in its original form, it was brought by Mr. Rowlings without standing; and entered a decree allowing the petition. Appeals from the denial of the motion to dismiss and from the decree allowing the petition were filed by "Margaret R. Buckingham . . . by Theodore Roessle, her brother and next friend, and Theodore Roessle . . . [her] sole heir presumptive . . . by Arthur O. Alden, his conservator, and Arthur O. Alden."

The decree on October 20, 1942, removing Irene A. Hyde as guardian of Margaret R. Buckingham and appointing Mr. Rowlings temporary guardian was also by *Dillon,* J.

In this court the case was submitted on briefs.

*H. F. R. Dolan* & *B. D. Levinson,* for "the appellants."

*W. V. Hyland,* for "George B. Rowlings, appellee."

RONAN, J.   Theodore Roessle, the brother of Margaret R. Buckingham, an insane person, filed a petition in the Probate Court for Suffolk County, by his conservator, Arthur O. Alden, praying for the removal of Irene A. Hyde as guardian of the said Buckingham.   The judge, after a hearing on October 20, 1942, granted the petition, removed the guardian and appointed Mr. Rowlings temporary guardian. The petitioner at that hearing was represented by Mr. Dolan.   Alden was also in attendance.   Upon a petition filed by Mr. Dolan for the appointment of Alden as permanent guardian of Mrs. Buckingham, a judge, other than the one who had heard the previous petition to remove Mrs. Hyde, on December 17, 1942, allowed the petition.   The present petition, filed by Mr. Rowlings to revoke the decree of December 17, 1942, was allowed, after an amendment, by the judge who had heard the petition to remove Mrs. Hyde.   These appeals are from the decree revoking the appointment of Alden and from an order denying a motion to dismiss the Rowlings petition.

We have a full report of the evidence.   The judge made no report of the material facts, but his decision revoking the decree imports a finding of every fact essential to the entry of such a decree, *Klefbeck* v. *Dous,* 302 Mass. 383, and such findings, implied from the entry of the decree, are not to be reversed unless shown to be plainly wrong.   *Berry* v. *Kyes,* 304 Mass. 56.

It appears from the report of the evidence that near the close of the hearing upon the petition to remove Mrs. Hyde as guardian, Mr. Dolan informed the judge that he had a petition and bond for the appointment of Alden as permanent guardian of Mrs. Buckingham.   Mr. Dolan testified that he asked the judge whether he should file that petition and that the judge replied, "No, I will appoint somebody on this petition."   There was other testimony, however, that the judge, in reply to Mr. Dolan's suggestion as to the appointment of Alden, stated that he would not appoint Alden in any circumstances.   During the hearing on the present petition, the judge himself stated: "Oh, I think it is clear and beyond any question I said I wouldn't

appoint Mr. Alden as guardian of this woman." A few days after the judge had removed Mrs. Hyde and appointed Mr. Rowlings as temporary guardian, Mr. Dolan appeared in court and told the judge that he was sorry that the judge "took that Buckingham case away from . . . [him] the other day and appointed Mr. Rowlings." Mr. Dolan had contended at the removal proceedings that the ward had a substantial claim against the estate of John Roessle, and in this interview with the judge which we have just mentioned the judge told Mr. Dolan that he had appointed a competent man who would not settle any claim that the ward might have without his, the judge's, knowing all about it. Mr. Dolan had thought that Mr. Rowlings had been appointed permanent guardian, and later, when he learned that he was only "temporary guardian," he filed a petition for the appointment of Alden as permanent guardian. At the time this petition was presented to and allowed by the second judge, Mr. Dolan made no mention of the fact that a temporary guardian had been appointed or that a judge of the Probate Court had previously refused to appoint Alden as permanent guardian. The first notice that Mr. Rowlings had as to the appointment of Alden was a letter dated January 12, 1943, from Mr. Dolan.

On evidence, the judge could find that Mr. Dolan was advised and knew at the hearing upon the petition to remove Mrs. Hyde that the judge would not appoint Alden as guardian of Mrs. Buckingham; that Mr. Dolan contended that Mrs. Buckingham had a claim against the Roessle estate, the details of which were familiar to Mr. Dolan; that Mr. Dolan was anxious to prosecute that claim; that he did not disclose to the second judge who appointed Alden the fact that the first judge had stated that he would not appoint him; that he failed to make such disclosure for fear that, if such information were given, the appointment would not be made; and that the appointment of Alden would not have been made if the second judge had known of the refusal of the first judge to appoint Alden.

Mr. Dolan was an officer of the court. He was bound to act fairly and in good faith in all matters and things con-

cerning which he sought relief. The fact that another judge had refused to appoint Alden as guardian was a material fact which the judge who made that appointment had a right to know before acting upon the petition. There was an active duty upon counsel to inform him. His failure to do so was inconsistent with his obligation of fidelity and loyalty to the court. It would be a strange procedure if a party disappointed by the refusal of a judge to grant a petition could present the same or a similar petition to various other judges until he found one who, in ignorance of any adverse action previously taken by another judge, was permitted by the silence of counsel to deal with the matter as if it were being presented to the court for the first time. Such procedure tends to interfere with the orderly administration of justice and to bring the courts into disrepute. It puts a premium on silence when there is a plain duty to speak. The intentional withholding by counsel of facts within his knowledge relating to former proceedings in the case, when a disclosure of such facts to the judge is important to enable him to dispose properly of the matter before him, has frequently been dealt with in a summary manner. *Falloon* v. *Superior Court of Los Angeles County,* 79 Cal. App. 149. *Francis* v. *Superior Court of Los Angeles County,* 3 Cal. (2d) 19. *People* v. *Case,* 241 Ill. 279. *Traistar* v. *Traistar,* 306 Ill. App. 509. *In re S—,* 115 N. J. Eq. 186. *Matter of Heimsoth,* 255 N. Y. 409. *Matter of Gilchrist,* 208 App. Div. (N. Y.) 497. *In re Jones,* 70 Vt. 71. The Probate Court has the power by revoking the decree to correct the action that it was induced to take by the withholding of material facts. *Waters* v. *Stickney,* 12 Allen, 1. *Fuller* v. *Fuller,* 261 Mass. 82. *Goss* v. *Donnell,* 263 Mass. 521. *Odde* v. *Field,* 297 Mass. 167. *Parsekian* v. *Oynoian,* 299 Mass. 543. *O'Sullivan* v. *Palmer,* 312 Mass. 240. See *Commonwealth* v. *Aronson,* 312 Mass. 347.

The Probate Court is a court of superior and general jurisdiction with reference to all matters in which it has jurisdiction, G. L. (Ter. Ed.) c. 215, § 2, and one of the subjects over which it has jurisdiction is all matters relating to guardianship. G. L. (Ter. Ed.) c. 215, § 6, as amended by

St. 1939, c. 194, § 2. *Cook* v. *Howe*, 280 Mass. 325. *Kennedy* v. *Simmons*, 308 Mass. 431. The Probate Court of Suffolk County has three judges. The Probate Court may be held by one or more of the judges, the judge holding the court "shall have and exercise all the powers and jurisdiction" possessed by the court, and the judges "may perform each other's duties when necessary or convenient." G. L. (Ter. Ed.) c. 217, § 2, as amended by St. 1934, c. 290. Each of these three judges, in so far as now material, has equal power and is vested with all the powers of the court. *Peterson* v. *Hopson*, 306 Mass. 597, 603. Here there was nothing pending before the second judge who appointed Alden when the instant petition was filed. The judge who had heard the petition to remove Mrs. Hyde had the power to act on the present petition and to exercise the power of the court and revoke the decree appointing Alden. The case is governed in principle by *Rollins* v. *Bay View Auto Parts Co.* 239 Mass. 414, 423, where it was held that a judge who did not hear an action at law could vacate a judgment which had been entered in that action. See *Catheron* v. *County of Suffolk*, 227 Mass. 598; *Reno* v. *Cotter*, 236 Mass. 556; *Beal* v. *Lynch*, 242 Mass. 65; *Commonwealth* v. *Gedzium*, 261 Mass. 299; *John Gilbert Jr. Co.* v. *C. M. Fauci Co.* 309 Mass. 271.

The appellant contends that the power of Mr. Rowlings to act further as temporary guardian was terminated by the appointment of Alden as permanent guardian. G. L. (Ter. Ed.) c. 201, §§ 14, 15. If the judge found, as he could upon the testimony, that one of the purposes of the appointment of Alden was to prosecute the alleged claim against the estate of John Roessle, the details of which were not disclosed by the record and the investigation of which had not been completed by the temporary guardian, he could appoint a guardian ad litem or next friend, even if a permanent guardian had been appointed, for the purpose of bringing proceedings for the revocation of the decree appointing the permanent guardian. G. L. (Ter. Ed.) c. 201, § 37. There are various statutory provisions authorizing Probate Courts to appoint a guardian ad litem or next friend. See G. L. (Ter. Ed.) c. 183, § 50; c. 201, § 33; c. 203, § 17;

c. 204, §§ 14, 16; c. 206, § 24 (as amended by St. 1938, c. 154, § 1), § 30; c. 210, § 5; c. 241, § 9. But the authority to appoint a guardian ad litem or next friend is not limited to the foregoing statutory provisions. Such power is inherent in the court and its exercise at times becomes necessary for the proper functioning of the court. *Peters* v. *Peters*, 8 Cush. 529. *Davenport* v. *Davenport*, 5 Allen, 464. *Denny* v. *Denny*, 8 Allen, 311. *Mansur* v. *Pratt*, 101 Mass. 60. *Taylor* v. *Lovering*, 171 Mass. 303. *Elder* v. *Adams*, 180 Mass. 303. *Welch* v. *Fox*, 205 Mass. 113. *Chase* v. *Chase*, 216 Mass. 394. *Sullivan* v. *Judges of the Superior Court*, 271 Mass. 435.

The allowance of an amendment to the petition so as to show that it was brought in behalf of the ward by Mr. Rowlings as her next friend was a recognition by the judge that in prosecuting the petition Mr. Rowlings was acting in that capacity, and was as effectual as a formal appointment of him as next friend. *Baskin* v. *Pass*, 302 Mass. 338. *Krinsky* v. *Stevens Coal Sales Co. Inc.* 309 Mass. 528. There was no error in denying the motion to dismiss the Rowlings petition.

The judge had a right to draw upon his personal knowledge of what had occurred at the hearing upon the petition to remove Mrs. Hyde. *Dolan* v. *Roy*, 286 Mass. 519, 521. *Odde* v. *Field*, 297 Mass. 167, 170. We need not and do not consider the evidence of the two criminal proceedings brought against Alden several years ago. We confine our attention solely to the evidence showing the conduct of Mr. Dolan in obtaining the appointment of Alden as permanent guardian. That evidence demonstrates that the judge was right in revoking the decree appointing Alden.

*Decrees affirmed.*