Agnes, A.J.
The Commonwealth of Massachusetts (“the Commonwealth”) has petitioned for commitment of respondent, William Snow (“Snow”), as a sexually dangerous person pursuant to G.L.c. 123A, §§12-14. Because questions arose about the competency of Mr. Snow, a hearing was held. For the reasons set forth below, the court orders the appointment of a guardian to act in Snow’s best interest during all further proceedings.
DISCUSSION
At a probable cause hearing held pursuant to G.L.c. 123A, §12 to determine if Snow should be temporarily held as a sexually dangerous person, Snow presented a report by Eric Brown, Psy.D. indicating that he presented with a diagnosis of mild mental retardation and was incompetent to stand trial. At a subsequent hearing, this court ordered a competency hearing on its own motion. Alan Schonenburger, Ph.D. of the Worcester Court Clinic determined that Snow was incompetent to stand trial. The court then ordered the appointment of a guardian for the purposes of these proceedings.
If a court determines that there is probable cause to commit a person charged with a sexual offense, and that person has been found incompetent to stand trial, the court shall conduct a hearing to determine if the person has committed the acts charged. G.L.c. 123A, §15. The hearing shall comport with “all procedures specified in G.L.c. 123A, §14 except with respect to trial byjuiy.” Id. All rights afforded to criminal defendants shall be available to such persons, except the right not to be tried while incompetent. Id. The court shall make findings regarding whether the person did commit the crimes charged, the extent to which the person’s incompetence affected the outcome of the hearing, including the capacity to consult with and assist counsel, and to testify. Id. Should the court find beyond a reasonable doubt that the person has committed the crimes charged, it shall enter a final order and may proceed to consider whether the person is sexually dangerous pursuant the procedures outlined in G.L.c. 123A, §§13 and 14.
In the case at bar there was ample evidence before the court that Snow was incompetent to stand trial. The competency evaluation conducted by Eric Brown, Psy.D. noted that Snow’s Full Scale IQ of 66, as measured by the WAIS-III, fell within the mildly retarded range of mental retardation. Dr. Brown further noted Snow’s impulsivity, impaired judgment, absence of insight, and passive agreement with authority figures regardless of the fact that he does not understand what they are asking of him. Dr. Brown concluded that Snow was unable to make informed decisions regarding his treatment, daily affairs, and welfare. This assessment was confirmed by Dr. Schonenburger in the competency hearing. Dr. Schonenburger found that Snow’s cognitive deficits compromised his capacity to rationally understand the proceedings against him and to make decisions. The court credits the findings made by Dr. Brown and the opinion expressed by Dr. Schonenberger. The court therefore found Snow incompetent to stand trial.[1]
The Supreme Judicial Court (“SJC”) addressed the issue of appointing a guardian for an incompetent person in this setting in Commonwealth v. Knowlton, 378 Mass. 479 (1979). The Knowlton court noted that whenever a party to an action is unable to conduct the litigation by reason of mental incapacity, the court must hold a competency hearing and, should the person be found incompetent, appoint a competent person to conduct the litigation. Id. at 484-85. Should the court determine that the person’s competency will not be restored in the foreseeable future, the court “may appoint a guardian ad litem to protect the defendant’s interests at the SDP hearing.”[2] Id. at 486.[3] The SJC further rejected the sharp distinction between civil and criminal proceedings, noting that “in deciding what safeguards are required, it is necessary to look at the nature of the right which the State seeks to circumscribe. The more precious the right, the *713 greater the protection, whether the proceedings be labeled civil or criminal.” Id. at 487. Although the statutory authority relied upon by the SJC in Knowlton for the appointment of a GAL was not carried over and included in the new SDP law, see note 3 supra, this court has the inherent authority to make such an appointment. See Adoption of Georgia, 433 Mass. 62, 68 (2000), citing Buckingham v. Alden, 315 Mass. 383, 389 (1944) (the authority to appoint a guardian is not limited to statuitoiy provisions, but is “inherent in the court and its exercise at times becomes necessary for the proper functioning of the court”). Accordingly, the court appointed a guardian ad litem for Snow.
ORDER
It is therefore ORDERED that a guardian be appointed for Snow to act in his best interests during the course of all further proceedings.

The test for incompetency is whether a person has “sufficient present ability to consult with his lawyer with a reasonable degree or rational understanding and whether he has a rational as well as factual understanding of the proceedings against him.” Commonwealth v. Vailes, 360 Mass. 522, 524 (1971).

A guardian ad litem (GAL) is appointed by the court to serve in the capacity of “next friend” to represent and advocate for the best interests of the incompetent person involved in litigation. Marcia M. Boumil, Ethical Issues in Guardian ad Litem Practice, 86 Mass.L.Rev. 8 (Summer, 2001). GAL’s can be appointed for a specific purpose (for example, determining if a patient can be given anti-psychotic medications) at the discretion of the court.

The SJC in this case relied on the statutory language of G.L.c. 123A, §6, which was repealed in 1990. However, there is no evidence indicating a legislative intent to alter the common-law authority of the court to appoint a guardian for an incompetent person.