FREDERICK R. HOUDE *vs.* ALBERT E. BAILEY, JUNIOR, & others.

Worcester. May 9, 1947. — June 25, 1947.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & SPALDING, JJ.

*Equity Jurisdiction*, Bill of review.

A decree, dismissing a bill of review of a suit in equity based on allegations that certain newly discovered evidence would, on a rehearing, cause a reversal of a decree against the plaintiff in the original suit, was affirmed where the judge hearing the bill of review warrantably found that there was no newly discovered evidence not available to the plaintiff at the hearing of the original suit.

BILL OF REVIEW, filed by leave on January 19, 1946.

The case was heard by *Donnelly*, J.

*R. Wait,* (*D. D. Swain* with him,) for the plaintiff.

*F. Howard,* for the defendant Eagle Star Insurance Co., Ltd.

*C. E. Tupper,* for Albert E. Bailey, Jr., and another.

LUMMUS, J. A bill in equity was brought by a builder to recover for labor and materials furnished by him in the remodeling of a house for the defendants Bailey, and to reach and apply in payment of the debt the proceeds of an insurance policy on the house issued by the defendant Eagle Star Insurance Company, Ltd.

The house was destroyed during the building operations by a fire that was started by the plaintiff's workmen and servants in a fireplace and left without attention for three hours and a half, with the result that the fire spread to the house and burned it. The judge found that the plaintiff's workmen were negligent, and that the plaintiff was entitled to no recovery. Upon the counterclaims of the defendants, he entered a final decree awarding them damages against the plaintiff for the injury caused by the fire, with costs. There was no appeal.

Subsequently the plaintiff by leave of court filed a bill

of review on the ground that newly discovered evidence showed that the fire was of incendiary origin and not the result of negligence on the part of the plaintiff's workmen.

On the hearing of the bill of review it was found that there was no newly discovered evidence not available to the plaintiff at the hearing of the original bill. Consequently the judge entered a final decree dismissing the bill of review. The reported evidence supports the finding of the judge. *Curley* v. *Boston,* 312 Mass. 58.

No error appearing upon this record, the entry must be
*Decree affirmed with costs.*