VINCENT PALMER & another *vs.* JOHN LOTHROP MOTLEY & another, executors, & others.

Suffolk.   April 9, 1948. — June 22, 1948.

Present: QUA, C.J., DOLAN, RONAN, & SPALDING, JJ.

*Probate Court,* Revocation of decree, Demurrer, Plea. *Fraud. Fiduciary.*

A demurrer to a petition in a Probate Court became immaterial upon an amendment of the petition, and an order thereafter made upon the demurrer was irregular and of no effect.

A false representation to the effect that, even if a will being offered for probate were disallowed, a certain heir of the testator, because of the provisions of previous wills, would be no better off, made by one who was named as executor in the will offered for probate and who also was acting as attorney for and in a fiduciary capacity toward such heir with respect to his rights in the testator's estate and related matters, would be constructive fraud upon such heir, even though made with-

out any consciousness of wrong and merely through a mistaken recollection of the facts; and, if such fraud caused the heir, on the day before the return day of the petition for probate of the will, to abandon a contest of the will and to permit the entry of a decree admitting it to probate without opposition, and he had meritorious grounds for a contest, the allowance of a petition by him for revocation of such decree would be justified.

Sufficient ground for the maintenance of a petition in a Probate Court by an heir of a decedent for revocation of a decree allowing his will would not be presented by allegations in the petition merely that after the decree the petitioner came into possession of evidence of lack of testamentary capacity on the part of the decedent which the petitioner had not possessed when he decided not to contest the will and permitted the entry of the decree without opposition.

A decree allowing a motion to dismiss a plea to a petition in a Probate Court, entered without a hearing on the truth of the facts alleged in the plea, was the equivalent of an overruling of the plea as insufficient in law.

A plea, contradicting the essential allegations of a petition in a Probate Court for revocation of a decree allowing a will on the ground that the petitioner, an heir of the testator, had been induced by fraud not to contest the will, was sufficient in law.

PETITION, filed in the Probate Court for the county of Suffolk on January 7, 1947, and afterwards amended, for revocation of a decree allowing the will and a codicil of Bradley W. Palmer and appointing executors, and a decree appointing trustees thereunder.

The petitioners were Vincent Palmer and Henry W. Palmer, Jr., heirs at law of Bradley W. Palmer, hereinafter called Palmer. The respondents were: John Lothrop Motley and Old Colony Trust Company, executors of the Palmer will; Madeline P. Bakewell, a sister of Palmer and a legatee under his will (the parties stipulated that she had died during pendency of the petition and that the interests of her estate were adequately represented by the respondent executors); Elena Dandini de Sylva, a sister of Palmer and a legatee under his will; and Louise P. Vincent and Isabel V. Harper, legatees under Palmer's will.

The case was heard by *Wilson, J.,* on demurrers and pleas of the respondents.

*R. G. Dodge & R. Wait,* (*R. I. Hunneman* with them,) for the respondents.

*D. E. Hall & W. P. Fowler,* for the petitioners.

RONAN, J.  This is a petition to vacate a decree entered by the Probate Court admitting certain instruments purporting to be the last will and a codicil of Bradley W. Palmer to probate and appointing executors, and another decree appointing trustees.  The judge after overruling demurrers and dismissing pleas reported his action to this court.

The petition, which was twice amended, alleges that the petitioners are nephews of Bradley W. Palmer, a bachelor, who died November 9, 1946, five days after the death of their father, Henry W. Palmer; that they received a copy of the citation returnable December 19, 1946, issued with reference to the probate of the will of Bradley W. Palmer; that one of the petitioners retained Mr. Carroad, a New York attorney, and consulted with Mr. Goodwin, a Boston attorney, who advised that petitioner that he had no case and that Mr. Carroad agreed with him; that thereupon, on December 18, 1946, that petitioner abandoned his plan to contest the will; that he sought to communicate with Mr. Carroad but was unable to do so until after ten o'clock on the morning of the return day, when he learned from Mr. Carroad that Mr. Goodwin must have misunderstood him as he told Mr. Goodwin that the petitioner had a good case and that there should be a contest of the will; and that the will and codicil, both executed in 1944, were admitted to probate on the return day.  The petition also alleges that Bradley W. Palmer, hereinafter called Palmer, lacked testamentary capacity at the time of the execution of these instruments and that their execution was procured through undue influence upon the part of his two sisters and a niece; that Mr. Goodwin, who had been consulted by the petitioners for the purpose of contesting the will, conferred with Mr. Motley, an attorney, who was one of the executors named in the will and who had drafted the alleged will and codicil and two previous wills and had all these wills or copies of them in his possession, and was told by Mr. Motley that, even if the latest will and codicil should be disallowed, the petitioners would be no better off, and possibly would be worse off under the prior wills, because, as he stated, a will of 1940 gave nothing to the petitioners

or their father and a will in the 1930 decade was substantially similar to the instrument offered for probate; that the petitioners subsequently learned that Palmer had executed a will not in 1940 but in 1943 when, they allege, Palmer was of unsound mind; and that the will which Mr. Motley said was executed in the decade of the 1930's was executed in 1939 and, contrary to what Mr. Motley stated, gave the petitioners twice as much property as did the instruments which were admitted to probate. The petition further alleges that Mr. Motley has refused to permit the petitioners to inspect the previous wills or to deposit them with the register of probate; that Mr. Motley from November 18, 1946, to January 20, 1947, acted as attorney for the petitioners and their mother with reference to the estate of Henry W. Palmer and as their counsel advised them with reference to their rights in the estate of their father and also the estate of Bradley W. Palmer and as such attorney was under a fiduciary duty to disclose to them such information as was required of him; that, by reason of the mistakes and erroneous statements concerning the prior wills of Palmer made by Mr. Motley to Mr. Goodwin, the petitioners and Mr. Goodwin were fraudulently induced to fail to enter an appearance in opposition to the allowance of the will and codicil of Palmer; and that at the time Mr. Goodwin conferred with Mr. Motley neither the petitioners nor Mr. Goodwin knew of certain facts which they now possess which unquestionably show that Palmer lacked testamentary capacity when he executed the will and codicil.

Considerable confusion seems to have arisen from the rulings made upon the various demurrers. One demurrer was filed by the executors, one by the respondents Bakewell and de Sylva, and another by the respondents Vincent and Harper. These three demurrers were addressed to the original petition and all of them were sustained on October 30, 1947. The petition, however, had been amended twice before this date, once on February 4, 1947, and again on May 2, 1947, and all the respondents had again demurred, the executors and Bakewell and de Sylva on March 18,

1947, and Vincent and Harper on May 14, 1947. The original demurrers had been superseded by the amendments to the petition and by the new demurrers. They no longer possessed any vitality and no action was required of the judge with reference to them. The new demurrer of the executors and that of Bakewell and de Sylva were treated by the parties as addressed to the petition as first amended, and on November 12, 1947, the judge overruled these two demurrers "to said petition as amended on Feb. 4, 1947." Whether the petition as first amended stated a good cause for relief had become moot at the time these two demurrers were overruled, for at that time the second amendment to the petition had already been allowed. In this state of the pleadings these two new demurrers and the orders made upon them became immaterial. See *Cole* v. *Wells*, 224 Mass. 504; *Corbett* v. *Gallagher*, 225 Mass. 480; *Hushion* v. *McBride*, 296 Mass. 4; *Peterson* v. *Hopson*, 306 Mass. 597; *Thompson* v. *Spagnuolo*, 311 Mass. 597; *Revere* v. *Blaustein*, 315 Mass. 93; *National Overall Dry Cleaning Co.* v. *Yavner*, 321 Mass. 434; *Vieira* v. *Menino*, 322 Mass. 165. Whether these two demurrers could have been regarded as challenging the petition in its final form need not be decided because they were not employed for that purpose. The action of the judge in dealing with all five of these demurrers was irregular and no pending rights stem from his action. All parties are anxious to have the sufficiency of the petition in its present form determined, and, as this question is properly before us on the report of the judge, at least in so far as it concerns his ruling in overruling the later demurrer of Vincent and Harper, we proceed, without intending to establish any precedent, to a decision of that question in behalf of all the demurrants.

We must accept as true all the allegations of fact well pleaded in the petition as finally amended. The question is one of pleading and not of evidence. Assuming that the facts properly alleged are true, our present inquiry is narrowed to deciding whether they set forth grounds adequate and appropriate for the revocation of the decrees allowing the will and codicil and appointing the trustees. *Attorney*

*General* v. *Trustees of Boston Elevated Railway*, 319 Mass. 642, 651, and cases cited.

The case set forth in the petition is that the attempt of the petitioners to contest their uncle's will was frustrated by the misrepresentations of Mr. Motley. It is not alleged nor contended that Mr. Motley made these misrepresentations with any consciousness of wrong. The contention is that they were due to a mistaken recollection of the real facts. The utterance of these statements by Mr. Motley in the circumstances alleged, it is urged, constituted a fraud which induced the petitioners to fail to file an appearance and this fraud pertained to a matter extrinsic or collateral to the issues presented by the petition for the allowance of the will and codicil. The gist of their complaint is that they were deprived of their day in court by reason of misrepresentations. It was said in *Jose* v. *Lyman*, 316 Mass. 271, 280, that "Decrees of Probate Courts will be revoked if procured by a fraud that operates to deprive an interested party of his day in court." Relief frequently has been granted to one who by the fraud of the other party had been prevented from attending court and presenting his side of a controversy where it appeared upon a preliminary finding that he had a good cause of action or a meritorious defence, as the case might be. *Sampson* v. *Sampson*, 223 Mass. 451, 462. *Child* v. *Clark*, 231 Mass. 3, 6. *McLaughlin* v. *Feerick*, 276 Mass. 180, 183. *Woods* v. *Woods*, 290 Mass. 392. *O'Sullivan* v. *Palmer*, 312 Mass. 240. *Lye* v. *Lye*, 322 Mass. 155.

The petition cannot be maintained upon the allegations of an alleged mistake or misunderstanding of the petitioners or their counsel or of any misunderstanding between Mr. Goodwin and Mr. Carroad. Mr. Goodwin perfectly understood what Mr. Motley had told him concerning the prior wills. Mr. Carroad instructed Mr. Goodwin to enter an appearance, notwithstanding what Mr. Motley had said, and the statements by the latter could not have been the cause of any misunderstanding between the petitioners' counsel. Mr. Goodwin may have been misled by what Mr. Motley said but he was not mistaken. The corner

stone of this petition is fraud, either actual or constructive, upon the part of Mr. Motley, and it all arises from the statements he made to Mr. Goodwin. The petition alleges that Mr. Motley was acting for the petitioners in the probate of their father's will from November 18, 1946, to January 20, 1947, advising them as to their rights with reference to this estate and the estate of Palmer and that he stood in a fiduciary relation to them. Mr. Motley could hardly represent conflicting interests. It is difficult to perceive that he was acting as attorney for the petitioners in conferring with the attorney retained by them to contest the will now before us. It was his duty to defend the will and, if a contest developed, he would be on one side and the contestants on the other. *Old Colony Trust Co.* v. *Wallace*, 212 Mass. 335. *Conley* v. *Fenelon*, 266 Mass. 340. In furnishing the information he might have had in mind that it was proper to do so, even to the attorney for prospective contestants, for it could be secured by interrogatories, *Moore* v. *Stoddard*, 206 Mass. 395, or by an order of the Probate Court compelling him to produce the prior wills if they were in his possession. The estate of Henry W. Palmer, of which he was counsel, was interested in securing information concerning these wills. However unlikely it may seem that Mr. Motley in the circumstances alleged was acting, in a fiduciary relation to the petitioners in furnishing the information, we must be mindful that we are now concerned only with the sufficiency of a pleading which directly alleges that he was then acting as attorney for the petitioners and therefore was a fiduciary and was bound to disclose the truth, and we are not quite prepared to say as matter of law that no conceivable circumstances might be shown to support the allegation. If Mr. Motley, while standing in a fiduciary relation to the estate of Henry W. Palmer and the petitioners, was honestly mistaken in the statements he made, that would not excuse their utterance or prevent them from being considered as constructively fraudulent. *Flynn* v. *Colbert*, 251 Mass. 489. *Akin* v. *Warner*, 318 Mass. 669. Moreover, it is specifically alleged that the petitioners were fraudulently led and induced by

Mr. Motley to fail to enter an appearance to contest the will. The statements of Mr. Motley were made concerning a matter susceptible of knowledge on his part, and a representation that he had such knowledge of the truth of what he said, when he did not have it, might be found to be fraudulent. *Chatham Furnace Co.* v. *Moffatt*, 147 Mass. 403. *Bates* v. *Cashman*, 230 Mass. 167. *Howard* v. *Barnstable County National Bank*, 291 Mass. 131. *New England Foundation Co. Inc.* v. *Elliott & Watrous, Inc.* 306 Mass. 177.

The fact that the petitioners abandoned their intentions to contest the will on the date previous to the return day does not on these allegations prevent the petitioners from showing that the frustration of their plans to contest the will was due to the conduct of Mr. Motley.

The allegations concerning the evidence, now alleged to be in the possession of the petitioners and showing lack of testamentary capacity and the exertion of undue influence, are alone insufficient to maintain the petition. *DeLuca* v. *Boston Elevated Railway*, 312 Mass. 495. *Sharpe, petitioner*, 322 Mass. 441. *Houde* v. *Bailey*, 321 Mass. 494.

In their pleas the respondents denied that Mr. Motley or his law firm perpetrated upon the petitioners any fraud, "actual, legal or constructive," or that he or his firm counseled or advised the petitioners in connection with the estate of Palmer, or that he or the firm was under any duty, fiduciary or otherwise, to disclose to the petitioners any information concerning the estate of Palmer, or that the petitioners were induced by Mr. Motley to fail to enter an appearance to contest the will of Palmer. These pleas contradicted all the allegations of fraud contained in the petition, which as we have said was the only ground upon which the petition could be maintained.

The motion of the petitioners to dismiss the pleas on various grounds which need not now be stated was allowed. [1] The motion was unnecessary as it served only to bring the

[1] As to motions to dismiss in equity, see *Rothstein* v. *Commissioner of Banks*, 258 Mass. 196; *E. S. Parks Shellac Co.* v. *Jones*, 265 Mass. 108; *Kelley* v. *American Sugar Refining Co.* 311 Mass. 617; and in Probate Courts, *Everett Trust Co.* v. *Waltham Theatre Amusement Co.* 267 Mass. 350.

pleas to the attention of the judge for a decision. This would have happened in any event in the orderly course of procedure when the demurrers were overruled. We are satisfied from the record that the pleas were heard upon their sufficiency and not upon the truth of the facts which they alleged. No objection was raised to the form or substance of the pleas. *Becker* v. *Zarkin,* 292 Mass. 359. The question of law before the judge was whether, if the facts alleged were established, the pleas were good. The allowance of the motion to dismiss was the equivalent of a ruling that they were insufficient in law and were overruled. That ruling was wrong. The pleas, therefore, being sufficient in law, the petition will have to be dismissed if the facts alleged therein are subsequently established. *Dorsey* v. *Corkery,* 227 Mass. 498. *Berenson* v. *French,* 262 Mass. 247. *E. S. Parks Shellac Co.* v. *Jones,* 265 Mass. 108. *Reilly* v. *Selectmen of Blackstone,* 266 Mass. 503. *Warren* v. *Stoneman,* 276 Mass. 259. *Franklin* v. *North Weymouth Cooperative Bank,* 283 Mass. 275. *Moran* v. *Manning,* 306 Mass. 404.

The interlocutory decree overruling the last demurrer of the respondents Vincent and Harper is affirmed. The order dismissing the pleas is reversed and interlocutory decrees must be entered adjudging the pleas sufficient in point of law. Thereupon, the cause is to stand for hearing upon the truth of the pleas.

*So ordered.*