PMP Associates, Incorporated *vs.* The Hearst
Corporation.

Suffolk. November 6, 1974. — January 6, 1975.

Present: Tauro, C.J., Quirico, Braucher, Kaplan, & Wilkins, JJ.

*Newspaper. Advertising. Consumer Protection Act. Equity Pleading and Practice,* Demurrer.

A newspaper's refusal to accept advertisements is not actionable in the absence of some statutory prohibition against such a refusal. [601]

Absent any anti-competitive purpose or effect, a newspaper's refusal to accept the advertisements of an escort service was not an unfair trade practice in violation of G. L. c. 93A. [601]

Bill in equity filed in the Superior Court on May 24, 1973.

A demurrer to the bill was sustained by *Ford, J.*

*Robert J. Ciolek* for the plaintiff.

*Gerald May (Michael T. Gengler* with him) for the defendant.

Tauro, C.J. This suit, brought pursuant to G. L. c. 93A, § 11, and the general equity power of the court, c. 214, § 1, arises out of the defendant's refusal to accept the plaintiff's advertising for publication in its newspaper. The plaintiff, contending that the defendant's action constitutes an unfair practice made unlawful by c. 93A, appeals from an interlocutory decree sustaining the defendant's demurrer and from a final decree dismissing its bill.

The facts, which we accept as true for purposes of ruling on the demurrer, *Palmer* v. *Motley,* 323 Mass. 129, 133 (1948), are essentially these: The plaintiff operates an escort service which obtains most of its business through advertising. The defendant publishes the Boston Herald American, one of two large newspapers in the area, and solicits advertising space therein. The plaintiff attempted

to purchase advertising space in the defendant's newspaper, and was willing to meet all requirements in order to do so. The defendant accepts advertising from businesses offering escorted tours and travel groups, but has refused, and still refuses, to accept the plaintiff's advertising.

The present case involves the same issues as *PMP Associates, Inc.* v. *Globe Newspaper Co. ante,* 593 decided this day. In that case, we held that, absent a monopolistic purpose or a concerted effort to hinder trade, a mere refusal by a newspaper to accept advertising from all who apply for it is not an unfair practice in violation of c. 93A. In its bill, the plaintiff alleged merely that the defendant has refused to accept its advertising. It made no allegation of either monopolistic purpose or concerted action. Consequently, we hold there is no error in the decrees sustaining the defendant's demurrer and dismissing the bill.

*Interlocutory decree affirmed.*
*Final decree affirmed with costs*
*of appeal.*