Elizabeth A. LEACH, et al.

v.

QUALITY HEALTH SERVICES,
INC., et al.

Civ. A. No. 94–4346.

United States District Court,
E.D. Pennsylvania.

Nov. 16, 1994.

Reginald A. Krasney, Wayne, PA, for plaintiffs.

Albert A. Ciardi, Jr., Ciardi & DiDonato, P.C., Philadelphia, PA, Sarah M. Solmssen, Malvern, PA and Neil J. Hamburg, Philadelphia, PA, for defendants.

## MEMORANDUM

JOYNER, District Judge.

Today we consider Defendants'[1] Motion to Dismiss Plaintiffs' Amended Complaint for failure to state a claim upon which relief can be granted, under Rule 12(b)(6). For the following reasons, the Motion is denied.

Plaintiffs' Amended Complaint asserts three claims under 15 U.S.C. § 78j(b) (Securities and Exchange Act of 1934 § 10(b)) and several pendent state law claims. The securities claims arise from the purchase of Plaintiff Elizabeth Leach's business by Defendant Quality Health Services, Inc. Plaintiff alleges that the purchase price was to be paid partially in cash and partially in Quality Health's stock. Relevant to this Motion, the Amended Complaint alleges that not only did Leach not receive half of the cash, she did not receive any stock. The Amended Com-

---

1. Moving Defendants are: Lifequest Inc., Occumed Resources, American Health Resource Systems, Inc., and Roger B. Hiser.

plaint alleges further that Defendants made a number of materially deceptive and misleading representations regarding the stock. These included untrue statements of material facts and omissions of material facts necessary in order to make the statements not misleading. As a result, the Amended Complaint alleges, Leach was induced to sell her business and suffered past and future losses of substantial income and profits.

In considering a 12(b)(6) motion, a court must primarily consider the allegations contained in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account. *Chester County Intermediate Unit v. Pennsylvania Blue Shield,* 896 F.2d 808, 812 (3d Cir.1990).

In ruling upon such a motion, the Court must accept as true all of the allegations in the pleadings and must give the plaintiff the benefit of every favorable inference that can be drawn from those allegations. *Schrob v. Catterson,* 948 F.2d 1402, 1405 (3d Cir.1991); *Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3d Cir.1990). A complaint is properly dismissed only if it appears certain that the plaintiff cannot prove any set of facts in support of its claim which would entitle it to relief. *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir.1988).

Defendants argue that Plaintiffs' claims are not within the statute of limitations for a § 10(b) action, and that therefore those claims must be dismissed. Further, once the federal claims are dismissed, they argue, the pendent state law claims must also be dismissed.

The United States Supreme Court has held that actions under § 10(b) must be brought within "one year after the discovery of the facts constituting the violation and within three years after such violation." *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* 501 U.S. 350, 366, 111 S.Ct.

2773, 2783–84, 115 L.Ed.2d 321 (1991). Defendants argue that the latest date Plaintiffs could reasonably have learned of any § 10(b) violation was the last day of Leach's employment with Quality Health. They offer no evidence to support this argument.

In contrast, Plaintiffs aver that the "first aspects of Defendants' fraudulent actions were discovered by Plaintiffs in September, 1993" and that the Complaint was filed ten months later.[2]

Taking Plaintiffs' allegations as true for the purposes of this Motion, we find that Plaintiffs have stated a claim upon which relief can be granted, in that they aver that the Complaint was filed within one year after the discovery of the facts constituting the violation and within three years after such violation. This averment, if true, brings the Complaint within the applicable statute of limitations. *Lampf,* 501 U.S. at 366, 111 S.Ct. at 2783–84. Accordingly, we DENY Defendants' Motion to Dismiss for failure to state a claim upon which relief can be granted.[3]

---

2. This averment appears in the verified Memorandum of Law in Opposition to Defendants' Motion to Dismiss.

3. Because we hold that federal question jurisdiction exists, this Court retains jurisdiction over

Plaintiffs' pendent state law claims. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Ditri v. Coldwell Banker Residential Affiliates, Inc.,* 954 F.2d 869, 974 (3d Cir.1992).